JOHN J. LARSON, Appellant, v. HAMILTON COUNTY, IOWA,
AND JOHN E. FARDAL, as County Treasurer of Hamil-
County, Iowa.

**Taxation; STOCK OF GOODS: LIEN OF TAX.** The lien for taxes on
a stock of goods attaches at the time of the tax levy, but a
sale in bulk of the stock after assessment and before levy will
not defeat the lien.

**Liability of Purchaser.** The real estate of one purchasing a
stock of goods after an assessment thereof is not liable for
such tax.

*Appeal from Hamilton District Court.*—HON. GEORGE W.
DYER, Judge.

FRIDAY, APRIL 8, 1904.

ON January 1, 1901, P. Shurman was the owner of a
certain stock of goods located in a building at Webster City,
and this was assessed to him prior to April 1st at a valuation
of $2,030.  Some time in May the plaintiff bought the en-
tire stock for cash and has retained it since, selling therefrom
by retail, and adding thereto to keep up the stock. Taxes were
not levied until September, and those on this stock, amount-
ing to $120.42, were entered on tax lists against Shurman.
The county treasurer demanded payment of plaintiff, and,
upon his failure to respond, entered them against a tract of
land situated in Hamilton county belonging to him, and ad-
vised him that, unless the taxes were paid, it would be sold
to satisfy them at the regular tax sale.  To the petition stat-
ing these facts, and praying that the treasurer be enjoined
from selling the land or enforcing the collection against any
other property of plaintiff, the defendants interposed a gen-
eral demurrer, which was sustained.  The plaintiff having
elected to stand on the ruling, the petition was dismissed,
and he appeals.—*Reversed.*

*W. J. Covil* for appellant.

*J. M. Blake* for appellees.

LADD, J.—The stock of goods was sold to plaintiff after it had been assessed, but before the taxes were levied. The assessed value was not of the stock on hand January 1st, but the average value of the stock during the year previous. Section 1318, Code. The taxes to be levied did not constitute a lien unless so made by statute. *Jaffray v. Anderson,* 66 Iowa, 718; *Bibbins v. Clark,* 90 Iowa, 230. Section 1400 of the Code enacts that: "Taxes upon real estate shall be a lien thereon against all persons except the state. Taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person or to which he may acquire title. As against a purchaser such liens shall attach to real estate on and after the thirty-first day of December in each year. Taxes upon stocks of goods or merchandise shall be a lien thereon and· shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser or vendee." In *Castle v. Anderson,* 69 Iowa, 428, the court, in holding that taxes on personal property become due at the time of the levy, said this must be when "the taxpayer has an opportunity to pay them, and he cannot do so until there has been a levy, for until then the amount he may be required to pay is unknown." The particular time taxes attach as a lien against a stock of goods is not designated, but inferentially this is when they become due, in analogy to the time when they attach as a lien on the real estate of the owner. Prior to the levy nothing is definite save the assessment when completed, and the amount of taxes to be exacted can never be known until fixed by the levy. This was the view taken in *Plymouth County v. Moore,* 114 Iowa, 700, but the court did not undertake to decide in that case that the tax lien on a stock of goods may be eluded by a sale before the lien attaches. The theory of the

statute seems to be that such property is so far permanent in character that, in the matter of taxation, it may be treated like real estate. The taxes are against the property as such as well as against the owner. A sale in bulk does not avoid the tax. If the stock continues such, the lien attaches in whosesoever hands the stock may be found. It may not attach until the levy, and this is doubtless true with respect to real estate. But the lien is as inevitable as against real estate, save when the stock is disposed of at retail, and cannot be obviated so long as the stock remains intact and can be identified as such. The language of the statute to this effect is plain, for it declares that the taxes shall be a lien, not that such shall be the case unless the stock is sold before the lien attaches.

The taxes, however, are those of the owner of the stock January 1st previous, and it is his duty to pay them. Section 1404, Code. They never become the taxes of the purchaser. He merely acquires the property subject to the lien and the right of the treasurer to enforce collection against it. He is under no obligation to pay the vendor's taxes, save for the purpose of discharging the lien. The Legislature could not have contemplated the collection of another's taxes from him save by the specific enforcement of such lien against the property. *Iowa Mercantile Co. v. Blair,* 123 Iowa, 290. It follows that the court rightly declined to enjoin the collection of the taxes, but erred in holding them to have been properly entered against plaintiff's land.—REVERSED.