J. F. TATE, Appellant, v. MADISON COUNTY,. IOWA, and C. H. HOCHSTETLER, AS TREASURER OF MADISON COUNTY, IOWA, Appellees.

**Taxation:** PERSONAL TAX: LIEN UPON HOMESTEAD. Personal property taxes are a lien upon any real estate owned by the person against whom assessed, including the homestead; and the homestead may be sold to satisfy the same, although the tax could be collected from a sale of the personalty against which it was levied, even in the hands of a purchaser.

*Appeal from Madison District Court.*—HON. W. H. FAHEY,
Judge.

THURSDAY, OCTOBER 23, 1913.

SUIT in equity for an injunction to enjoin the defendant
Hochstetler, as Treasurer of Madison County, from levying
upon the homestead of the plaintiff for the collection of taxes.
There was a demurrer to the petition, which was sustained.
The defendant refused to plead over.    His petition was
dismissed, and he appeals.    *Affirmed.*

*J. P. Steele*, for appellant.

*Sam C. Smith*, County Attorney, for appellees.

EVANS, J.—It appears from the petition that in January,
1911, the plaintiff was the owner of a stock of merchandise in
Winterset.    Such stock of goods was assessed, and in pursu-
ance of the assessment the ordinary taxes were levied in due
course against the plaintiff and his stock of goods.    In October,
1911, he sold the stock of goods to De Bok, and De Bok sold
the same to Benson, who was in possession of the stock of goods
at Winterset at the time of the filing of the petition in Novem-
ber, 1912.    The plaintiff failed to pay the taxes upon such stock
of goods, and the defendant treasurer included the homestead
of the plaintiff in the tax sale notice of December, 1912, and
was threatening and intending to sell the same for the unpaid
taxes already referred to.

The contention of the appellant in brief is that his home-
stead is not and was not liable for any other taxes than for
those levied against the homestead itself.    Under previous
statutes it was true that a homestead, if separately listed and
platted, was only liable for the taxes thereon.    Under our
present statute (section 1400) it is expressly provided that
"taxes due from any person upon personal property shall be
a lien upon any and all real estate owned by such person."    It

is not claimed that the taxes involved in the suit were not due from the plaintiff. The statute quoted is therefore applicable to him. It provides for no exemption in favor of the homestead. It is true that the treasurer could have proceeded against the stock of goods in the hands of the purchaser; but he was not bound to do so. As between the plaintiff and the purchaser, he was under moral obligation, at least, not to do so.

The cases relied on by the appellant all arose under the previous statutes, which have been supplanted by the section above quoted.

The demurrer was properly sustained, and the judgment must be *Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.