POLK COUNTY, IOWA, v. BURNS et al.

In re HOSMER.

(Circuit Court of Appeals, Eighth Circuit. December 27, 1917.)

No. 174.

1. BANKRUPTCY ⚙⚙346—CLAIMS—TAXES.

Bankruptcy Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1916, § 9648), declaring that taxes legally due shall be paid in advance of dividends to creditors, has reference to payment out of the general funds of the estate, and is not intended to disturb the priority of liens fixed by substantive law.

2. COURTS ⚙⚙366(6)—PRECEDENCE—FEDERAL COURTS.

A decision by the highest court of a state, interpreting a revenue law, is binding on the federal courts.

3. TAXATION ⚙⚙510—PERSONAL PROPERTY TAXES—LIENS.

Under Code Iowa 1897, § 1400, providing that taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person, or to which he may acquire title, and that taxes upon stocks of goods or merchandise shall be a lien thereon, and shall continue a lien when sold in bulk, a stock of goods is made a distinct entity, somewhat analogous to the rule of the civil law as to the estate of a deceased person, and such entity is charged with the lien of personal property taxes so long as it can be identified, even though the owner of the building in which the stock of goods was displayed for sale has a lien thereon for unpaid rent; his lien being inferior.

4. BANKRUPTCY ⚙⚙346, 347—TAXES—PAYMENT.

While expense of administration in proceedings in bankruptcy must be paid in preference to the claims of the state for taxes, nevertheless, as Bankruptcy Act, § 64a, makes it the duty of the trustee to pay taxes in preference to dividends to creditors, personal taxes should be ordered paid out of the general assets, where it appears that there were sufficient assets to pay expenses of administration and taxes.

Petition to Revise Order of the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of the bankruptcy of Julius H. Hosmer, doing business under the name of the Hawkeye Buggy & Implement Company. Petition by Polk County, Iowa, against G. E. Burns, trustee in bankruptcy, and others, to revise a judgment (233 Fed. 318) giving priority to the liens of landlords over claims of the county for personal taxes. Reversed, with directions.

Don B. Shaw, of Des Moines, Iowa (George A. Wilson, Ward C. Henry, Arthur T. Wallace, and Oscar Strauss, all of Des Moines, Iowa, on the brief), for petitioner.

Neal M. Monroe, of Des Moines, Iowa (James L. Parrish, William E. Miller, and Charles F. Maxwell, all of Des Moines, Iowa, on the brief), for respondents.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Julius H. Hosmer was engaged in the farm machinery and automobile business under the name of Hawkeye Buggy & Implement Company. He leased four different pieces of real property in the city of Des Moines, Iowa, for carrying on his business, in each of which he had personal property. June 3, 1915, he became a bankrupt, and at the time was owing rent upon each of his leaseholds. The landlords presented claims for this rent, and asked that the same be given priority over all other claims as to the personal property contained in each building, upon the ground that the landlord was entitled to a lien upon such property for rent under the laws of the state. The treasurer of Polk county presented a claim for $920.47 for personal taxes assessed against Hosmer for the years 1913, 1914, and 1915, and demanded that this claim be given priority over the landlords' claims for rent. The referee and the trial court gave priority to the landlords' liens, and the treasurer files this petition to revise.

The personal property in each of the four leased buildings has been sold, and the funds arising therefrom kept distinct. Following the referee's report we will designate the buildings by letters. The rent claim against building (a) was $624.48, which accrued between January 1 and June 3, 1915. The property in this building consisted of horses, harness, trucks, and wagons, which sold for $3,064.50, thus leaving a surplus over and above the claim for rent of $2,440.02. The rent claim on building (b) was $4,424.83 for rent accruing between January 1 and June 3, 1915. The property located in this building was part of the bankrupt's stock of goods and merchandise. It sold for $970, thus leaving a deficit of $3,454.83, for which a general claim has been allowed against the estate. The claim for rent against building (c) was for $707.11, which accrued between April 1 and June 3, 1915. The property located in this building sold for $55, leaving a deficit of $652.11, for which a general claim was allowed against the estate. It consisted of transfer property and equipment, warehouse trucks, and unloading planks. The claim for rent against the last building, (d), was $650, accruing between May 1 and June 3, 1915. The personal property here sold for $1,750, leaving a surplus of $1,100 over and above the rent. The property is not specifically described in the claim, but, considering the uses to which the building is limited by the lease, it may fairly be inferred that it was part of the bankrupt's stock of goods and merchandise. The uses of the building are set forth in the lease to be "as a showroom for all grades and kinds of farm machinery, carriages, automobiles, or anything in that line."

The personal property taxes, for which the county treasurer makes claim, are for the years 1913, 1914, and 1915. By the statute of Iowa personal property is assessed for purposes of taxation as of the 1st day of January each year. Code, § 1350. So the taxes are prior in time to the rent. The principal item in the personal assessment of the bankrupt was "merchandise and office fixtures." For the year 1913 that item amounted to $18,000 out of a total assessment of $19,400; for 1914, to $10,500 out of a total assessment of $13,900; for 1915, to $6,150 out of a total assessment of $8,090.

[1-3] The county treasurer bases his claim upon section 64a of the

Bankruptcy Law. That section, however, has reference to payment out of the general funds of the estate. It shows that purpose plainly by its language. It says that taxes legally due shall be paid in advance of dividends to creditors. This provision was not intended to disturb priority of liens as fixed by substantive law. The demands of the state for its revenue are so paramount that most private liens are made subject to the lien of public taxes, without regard to priority of time. This, however, is not invariably true as to personal taxes. To ascertain the right of priority as to them we must look to the revenue law of the state. Section 1400 of the Code of Iowa provides as follows:

"Taxes due from any person upon personal property shall be a lien upon any and all real estate owned by such person, or to which he may acquire title. * * * Taxes upon stocks of goods or merchandise shall be a lien thereon, and shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser or vendee."

This statute is substantially the same as section 1015 of the Code of 1897. Under this statute taxes upon personal property are a lien upon real estate; but the bankrupt owned no real estate in the present case, at least no such property is here involved. It will be seen, however, that personal taxes are also a lien upon stocks of goods or merchandise, and shall continue a lien thereon when sold in bulk. This revenue statute, as interpreted by the highest court of the state, treats a stock of goods or merchandise as a distinct entity, somewhat as the civil law treated the estate of a deceased person as a universitas juris. This entity is charged with the lien of the tax so long as it can be identified, regardless of changes in the items of which it may be composed. Iowa Mercantile Co. v. Blair, 123 Iowa, 290, 98 N. W. 789; Larson v. Hamilton Co., 123 Iowa, 485, 99 N. W. 133.

Under the facts disclosed by the record we think the personal property situated in buildings (b) and (d) constituted the bankrupt's stock of goods and merchandise, within the meaning of those terms as used in section 1400 of the Iowa Code, above quoted. That stock was the principal basis of the assessment for personal taxes. Those taxes are made by section 1400 a lien upon the stock of merchandise so long as it can be identified as such. That lien was prior and superior to the lien of the landlord for rent. It was not only superior in right, but it was also prior in time. The part of the stock contained in the first building referred to sold for $970, and that in the second building for $1,750, making a total of $2,720. This was ample to pay the claim of the county for taxes, and, under the law, as above explained, the county was clearly entitled to payment out of this fund in priority to the claims of the landlords. When a tax is levied upon specific property, it must be superior to all private claims or liens upon the property, for the tax is directed against the property itself. "The lien for taxes does not stand upon the same footing as an ordinary incumbrance, but attaches itself to the res without regard to individual ownership." Cooley on Taxation, p. 445. This is the sense in which Marshall, C. J., said in Osborn v. United States Bank, 9 Wheat. 738, 6 L. Ed. 204, that the power to tax is the power to destroy. See, also, Northern Pacific R. R. Co. v. Traill County, 115 U. S. 610, 6 Sup. Ct. 201, 29 L. Ed. 477. This is

the principle upon which Bibbins v. Clark, 90 Iowa, 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278, Bibbins v. Polk Co., 100 Iowa, 493, 69 N. W. 1007, and Des Moines Brick Mfg. Co. v. Smith, 108 Iowa, 307, 79 N. W. 77, may, in our judgment, be explained. There the controversy was between a mortgagee of land and the claim of the county for a personal property tax of the mortgagor, levied long after the lien of the mortgage had attached. The personal tax was not levied against the land. It was made a lien upon it simply as a means of enforcing payment. The courts of Iowa ruled that the personal tax took the land as it found it at the time the levy was made, and could not displace prior rights. That holding is contrary to the decision of this court in Minnesota v. Central Trust Co., 94 Fed. 244, 36 C. C. A. 214, but, being the interpretation of a revenue law by the highest court of the state, is binding upon us. In our judgment, however, these decisions are not applicable to the present case, because, as already explained, the personal taxes here involved arose out of the assessment of the bankrupt's stock of goods and merchandise, and were levied upon that stock, and by the statute were made a specific lien upon it as long as it could be identified. Such being the origin of the tax, it has the same priority over private liens on the stock that a tax against a specific tract of land would have over private liens upon the land.

[4] The same result may be reached in another way. There is a surplus over and above the landlord's claim for rent arising out of the sale of the property contained in building (a) of $2,440.02, and building (d) of $1,100, making a total surplus of $3,540.02. This fund is a part of the general estate. Under section 64a of the Bankruptcy Law it is the duty of the trustee to pay all taxes legally due from the bankrupt out of such funds. The judgment of the trial court does not adequately recognize this duty. We do not question the rule that the expenses of administration must be paid in preference to the claims of the state for taxes. By giving effect to that rule it would seem probable that there would be funds sufficient arising out of the surplus to which attention has been drawn to pay both the taxes and the expenses of administration. In any case, however, the county, for reasons first explained, is entitled to payment out of the funds arising from the sale of the bankrupt's stock of goods and merchandise. It is not practicable to divide the claim for personal taxes, so as to take account of the small items which were not embraced in the assessment of merchandise.

The judgment is reversed, with direction to enter a judgment for the payment of the county's claim in full.