**CITY OF TAMPA v. COMMERCIAL BUILD- ING CO. et al.**

**STATE et al. v. SAME.**

Nos. 6327, 6353.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1932.

In case No. 6327:

T. B. Castiglia, of Tampa, Fla., for appellant.

Lewis W. Petteway and Geo. P. Raney, both of Tampa, Fla., for appellees.

In case No. 6353:

L. D. McGregor, of Tampa, Fla., for appellants.

Lewis W. Petteway and Geo. P. Raney, both of Tampa, Fla., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

The two cases involved in these appeals present the same question. They were heard together below and submitted together here. We will dispose of them together.

The Florida Office Supply Company was adjudicated bankrupt on October 9, 1930. In due course the appellees filed their respective claims for unpaid rent, asserting their rights, under the statutes of Florida (Comp. Laws 1927, § 5420 et seq.), giving a landlord's lien, to preferential payment out of the funds in the possession of the trustee derived from the sale of personal property upon which their liens rested. The appellants filed their respective claims for delinquent property taxes, the state and county for the years 1926, 1927, 1928, and 1929, the city for the years 1927, 1928, and 1929, and both filed for the current taxes for the year 1930, and claimed for them priority payment over appellees' liens. The referee in each case allowed the priority for the current taxes, but denied it for the delinquent years. He found that the state, county, and city under the assessments made as of January 1, 1930, held valid liens for the 1930 taxes upon the property from which the funds in question came, and that these liens were superior to all others. As to the delinquent taxes, he found that, though assessments in each of these years had fixed valid liens upon the stock and fixtures on hand at the time of the assessments, the claimants stood in this proceeding without benefit of liens; it being admitted that it was impossible for the tax collector to establish that any portion of the funds in the hands of the trustee came from the sale of property upon which a lien for the delinquent taxes had been previously fixed. He further found that the priority section invoked by the taxing authorities had no application to a contest between a valid lien claimant and unsecured tax claims, but only governed priorities between claims unsecured by liens. From the orders of the District Judge sustaining the referee's findings, these appeals are prosecuted.

It is contended here that appellants are entitled to protection as creditors having specific tax liens prior and superior to the landlord's liens of appellees. It is further contended that they are entitled to preferential payment under the priority section of the Bankruptcy Act, § 64b (11 USCA § 104 (b). "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of the bankrupt estates, and the order of payment shall be * * * (6) taxes payable under paragraph (a)."

In support of the first point, that appellants are lien claimants, they argue that the Florida statutes (Comp. Gen. Laws 1927, § 894) providing that "All taxes imposed * * * shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in full force and effect until discharged by payment" had the effect to fix a lien not only upon the property against which the taxes were assessed, but against all subsequently acquired property of the taxpayer. The very language relied upon defeats the contention. Here is no case as in Polk County, Iowa v. Burns (C. C. A.) 247 F. 399, and Iowa Mercantile Co. v. Blair, 123 Iowa, 290, 98 N. W. 789, where the statute treats a stock of goods or merchandise as a distinct entity charged with the lien of a tax as long as it can be identified, regardless of changes in the items of which it may be composed. The Florida statute, like the Texas statute, gives a lien only upon the property against which the tax is assessed, and one claiming a lien upon personal property must identify it as the subject of the assessment. City of Fort Worth v. Boulware, 26 Tex. Civ. App. 76, 62 S. W. 928, 929. Here not only has the referee found that the taxing authorities have not traced into the hands of the trustee the property on which the taxes were levied, which tracing is

essential to the establishment upon it of their liens (City of Waco v. Bryan [C. C. A.] 127 F. 79) and that the parties admitted that they could not do so, but the record contains no statement of the evidence on which the findings were based, thus precluding inquiry into their correctness, and leaving them standing unassailed.

The second contention that the priority section affects valid liens and subordinates them to unsecured tax claims has been definitely and authoritatively rejected in Bird v. City of Richmond (C. C. A.) 240 F. 545; Id., 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; and Lott v. Salsbury (C. C. A.) 237 F. 191. Compare In re Cardwell (D. C.) 52 F.(2d) 158; Fudickar v. Glenn (C. C. A.) 237 F. 808; Lontos v. Coppard (C. C. A.) 246 F. 803.

The judgments are affirmed.