FARMERS UNION COOP. OF JEFFERSON, Appellant, v. FARMERS UNION COOP. BROKERAGE, Respondent

(13 N. W.2d 818.)

(File No. 8681. Opinion filed April 7, 1944.)

**B. O. Stordahl, Roy E. Willy,** and **R. G. May,** all of Sioux Falls, S. D., for Appellant.

**Louis H. Smith,** of Sioux Falls, S. D., for Respondent.

ROBERTS, J.

Plaintiff brought this action to recover the amount of taxes paid by it on a stock of merchandise purchased in bulk under a conditional sales contract from defendant, on the theory of breach of implied warranty against incumbrances in the sale of the merchandise. The trial court rendered judgment for defendant and plaintiff appeals.

It appears from the undisputed evidence that defendant was the owner of the stock of merchandise and fixtures located in a building in Sioux City, Iowa. On March 31, 1941, plaintiff purchased the entire stock and fixtures and has since been in possession, selling therefrom at retail. On April 30, 1941, this property was assessed in the name of the defendant and taxes for the year 1941 were subsequently levied. Plaintiff to protect the property against distraint and sale paid the taxes upon the merchandise and fixtures under protest to the treasurer of Woodbury County, Iowa.

It is the contention of plaintiff that the taxes were those of the owner on January first previous; that the taxes constituted a lien or incumbrance; and that in the absence of an agreement to the contrary the obligation to pay rested on defendant vendor.

Under the laws of Iowa personal property is assessed each year in the name of the owner thereof on January first. § 6959, Code 1939. The board of supervisors of each county annually at its September meeting must levy taxes for state and county revenues. § 7171. The county auditor prepares the tax list for the county and delivers it to the county treasurer on or before the thirty-first day of December. § 7147. The taxes are due and payable on the first Monday of January of the following year. § 7210.

Section 7202, 7205 and 7206, Code 1939, read as follows: "7202 Lien of taxes on real estate. Taxes upon real

estate shall be a lien thereon against all persons except the state."

"7205 Lien follows certain personal property. Taxes upon stocks of goods or merchandise, fixtures and furniture in hotels, restaurants, rooming houses, billiard halls, moving picture shows and theatres, shall be a lien thereon and shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser, or vendee, and such owner, purchaser, or vendee of any such goods, merchandise, furniture, or fixtures shall be personally liable for all taxes thereon."

"7206 Lien follows building assessed as personalty. In all cases where buildings are assessed as personal property, the taxes shall be and remain a lien on said buildings from the date of levy until paid."

Prior to the separation of the provisions quoted into three sections, they were contained in section 1400 of the Supplemental Code 1913 as amended in 1917 by Chap. 337, Acts of the 37th General Assembly. The amendment of 1917 added the words: "And such owner, purchaser or vendee of any such goods, merchandise, furniture or fixtures shall be personally liable for all taxes thereon." In Iowa Mercantile Co. v. Blair & Wendt et al., 123 Iowa 290, 98 N. W. 789, the court considering the provisions of section 1400 prior to its amendment said: "We shall assume, for the purposes of the case, that the taxes, when levied and assessed, against Blair & Wendt, were a lien upon the stock of goods, and that this lien continued so long as the goods remained in bulk, and could be collected from the owner, or any other person in whose hands the goods were found. * * * The statute quoted [section 1400] makes the taxes a lien on the property when sold in bulk, but does not make the purchaser personally liable therefor. True, they may be collected from the owner, purchaser, or vendee, but this collection must be by the ordinary methods provided for such collection."

In Larson v. Hamilton County, 123 Iowa 485, 99 N. W. 133, 134, the court after quoting the provisions of section 1400, supra, said: "The particular time taxes attach as a lien against a stock of goods is not designated, but inferen-

tially this is when they become due, in analogy to the time when they attach as a lien on the real estate of the owner. Prior to the levy nothing is definite save the assessment when completed, and the amount of taxes to be exacted can never be known until fixed by the levy. This was the view taken in Plymouth County v. Moore, 114 Iowa 700, 87 N. W. 662, but the court did not undertake to decide in that case that the tax lien on a stock of goods may be eluded by a sale before the lien attaches. The theory of the statute seems to be that such property is so far permanent in character that, in the matter of taxation, it may be treated like real estate. The taxes are against the property as such as well as against the owner. A sale in bulk does not avoid the tax. If the stock continues such, the lien attaches in whosesoever hands the stock may be found. It may not attach until the levy, and this is doubtless true with respect to real estate. But the lien is as inevitable as against real estate save when the stock is disposed of at retail, and cannot be obviated so long as the stock remains intact and can be identified as such. The language of the statute to this effect is plain, for it declares that the taxes shall be a lien, not that such shall be the case unless the stock is sold before the lien attaches."

The court in the Plymouth County and Iowa Mercantile Company cases, supra, held that a tax on a stock of merchandise constituted an in rem claim and that neither the vendor nor the purchaser was personally liable therefor. Invoking the language of the statute as amended in 1917 (§ 7205), respondent contends that the tax in question was not only a lien upon the property purchased, but was also the personal obligation of the plaintiff. Manifestly, the object of the amendment was to secure the collection of revenue and rights as between vendor and purchaser are probably in no wise affected. But it is not necessary for the determination of the question involved in the instant case to consider the effect of the amendatory provisions. The narrow question presented is whether a lien for taxes had attached at the time of sale.

In Cornelius v. Kromminga, 179 Iowa 712, 161 N. W. 625, 626, the court held that although the statute as between grantor and grantee fixes the time when a tax

becomes a lien on real estate the tax "as a matter of law and of fact" is a lien upon the property from the date of its levy in September. The question was again considered in Gates v. Wirth, 181 Iowa 19, 163 N. W. 215, 217, wherein the court said: "All property in the state is subject to taxation for governmental purposes. The action of the assessor in listing and fixing a valuation on property is only the initial step towards the ultimate fixing of a burden of taxation on specific property for the year or years for which it is assessed. The burden does not attach until the board of supervisors in September have ascertained the amount necessary to be raised for governmental purposes, and have fixed the percentum of tax necessary to raise that amount, based upon the assessor's valuation. The amount assessed against any particular piece of land is ascertained and determined on the basis of the per centum fixed by the board of supervisors, calculated on the valuations as finally fixed. No one is under obligation to pay taxes until after the levy has been made; that is, until the amount chargeable is charged to the specific property. * * * This is the first time that the specific annual tax for the year became a lien upon the property, and this is the first time that an obligation rested on any one to discharge the tax in order to free the land from the burden."

██ It is reasonably clear under the Iowa law that if the time when a tax becomes a lien is not fixed by statute the lien does not attach until the amount of the tax is definitely fixed. This applies both to real property and to stocks of goods or merchandise. There is no logical basis for differentiating between them. The tax lien in the instant case did not attach before September, 1941, when the levy was made. The property purchased by plaintiff was not incumbered by the tax lien at the time of sale.

We think there was no error and the judgment is affirmed.

All the Judges concur.