CATHERINE M. OGDEN et al., plaintiffs-appellees, v. JULIUS W. LOWRY, appellant, HELEN M. LOWRY, defendant, VINCENT L. BROWNER, as treasurer of Polk County, defendant-appellee.

No. 49480.

(Reported in 91 N.W.2d 378)

JULY 28, 1958

Bridges & Peshkin, of Des Moines, for appellant.

Clarence L. Spencer and C. L. Cram, both of Des Moines, for plaintiffs-appellees.

Ray Hanrahan, Polk County Attorney, and A. R. Shepherd, Assistant County Attorney, for defendant-appellee.

HAYS, J.—On January 1, 1953, McLowray's, an Iowa corporation, owned, possessed and controlled a stock of merchandise located in McLowray's Coast-to-Coast store, 609 Euclid, Des Moines, Iowa. January 23, 1953, a bill of sale for this stock was executed to one Omar Holland, who immediately took possession thereof. On March 12, 1953, Holland, by a Bill of Sale, transferred the same to the plaintiffs, who took possession thereof and have retained such to date. It is still located at the Euclid address.

On March 26, 1953, McLowray's, by Julius W. Lowry, listed the stock of merchandise for taxation with the Polk County assessor. On September 15, 1953, a levy of taxes was made by the county supervisors. In December 1956 these taxes were delinquent and a distress warrant was issued against the merchandise. Sale under this warrant has not been had pending determination of the issues presented on this appeal. While McLowray's was dissolved in 1955, it is conceded that, as to the liability here involved, defendant Julius W. Lowry stands in McLowray's shoes.

Plaintiffs, while conceding this property is subject to sale under the distress warrant, contend that the payment of this tax is Lowry's primary liability and ask that, in the event they pay the tax in order to prevent such sale, they be subrogated to the county's right to proceed against Lowry for the amount thus paid. Defendant Lowry, while in effect conceding his personal liability as between the county and himself, contends that under the sale agreements between McLowray's and

Holland, and Holland and plaintiffs, he is relieved of this tax. The trial court adopted plaintiffs' theory and from the judgment thus entered Lowry appeals.

I. Section 428.4, Code, 1954, requires all property to be taxed each year and "personal property shall be listed and assessed each year in the name of the owner thereof on the first day of January." Section 445.31, Code, 1954, states, "Taxes upon stocks of goods * * * shall be a lien thereon and shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser, or vendee, and such owner, purchaser, or vendee of any of such goods * * * shall be personally liable for all taxes thereon." Sections 445.3, 445.4 and 445.6, Code, 1954, relate to the various methods available to the county treasurer for collecting delinquent personal taxes. They are three in number: (1) ordinary action against party in whose name the property is assessed, (2) ordinary action against purchaser of stock of goods when sold in bulk, (3) a distress warrant against the goods themselves or other property of the taxpayer whose personal property tax is delinquent (see chapter 220, Acts 56th G. A.).

Under our decisions it is clear that this personal property tax constitutes a personal obligation or liability of Lowry, as between himself and the county. Iowa Mercantile Co. v. Blair & Wendt, 123 Iowa 290, 98 N.W. 789; Larson v. Hamilton County, 123 Iowa 485, 99 N.W. 133; Tate v. Madison County, 163 Iowa 170, 143 N.W. 492; Miller Hotel Co. v. Gorman, 194 Iowa 751, 190 N.W. 524; Linn County v. Steele, 223 Iowa 864, 273 N.W. 920, 110 A. L. R. 1492. Appellant does not seriously contend otherwise.

II. Appellant relies primarily upon the terms of the Bill of Sale, above mentioned. It is provided therein, "And the said party of the first part [McLowray's] * * * covenant * * * with the said party of the second part * * * that the same are free from all encumbrances." The Bill of Sale from Holland to appellees contains a like covenant. Under the authorities it appears clear that at the time of the sales in January and March 1953 this 1953 personal tax was not a lien upon the stock of goods and did not become such until in September 1953,

when the levy was made. Plymouth County v. Moore, 114 Iowa 700, 87 N.W. 662; Larson v. Hamilton County, supra; Gates v. Wirth, 181 Iowa 19, 163 N.W. 215; Farmers Union Cooperative of Jefferson v. Farmers Union Cooperative Brokerage, 70 S. D. 33, 13 N.W.2d 818. It therefore follows that there has been no breach of the covenant above set forth.

At the time of the sale, appellant to Holland, an affidavit was executed as provided for in section 555.1(2), Code, 1954, in which treasurer's office, Polk County, was listed as a creditor on account of the 1952 personal property tax. On the Holland to appellees sale, a like affidavit was executed which makes no mention of the county as a creditor on account of taxes upon the property. Under the record it appears that the 1953 tax was never mentioned by the parties to these Bills of Sale. Appellant would have us draw from this Bill of Sale and the affidavit, the conclusion that the purchaser thereby assumed the payment of this tax, thus making the liability his primary obligation, as between the vendor and purchaser.

If the Bill of Sale contained only the covenant against encumbrances, as above set forth, our problem would be more difficult. However, both Bills of Sale also had this following provision: "First party will warrant and defend the sale of said goods * * * against all and every person and persons whomsoever, lawfully claiming or to claim the whole or any part thereof, subject to encumbrances, if any, hereinbefore mentioned." The clear import of this covenant is that any liability, existing at the time of sale and not mentioned in the affidavit, for which the goods might be liable, remained the obligation of the vendor. As bearing upon this question see Miller Hotel Co. v. Gorman, 194 Iowa 751, 190 N.W. 524.

It is to be noted that there is no contractual relationship between the appellant and appellees, and this action is predicated solely upon the equitable principle of subrogation, i.e., that appellee, being forced to pay a debt primarily that of appellant, is in good conscience and natural justice entitled to reimbursement therefor. A case very similar as to the legal question involved is Iowa Mercantile Co. v. Blair & Wendt, 123 Iowa 290, 98 N.W. 789. See also Kent v. Bailey, 181 Iowa 489, 164 N.W. 852.

Appellant places much stress upon the decision in Farmers Union Cooperative of Jefferson v. Farmers Union Cooperative Brokerage, 70 S. D. 33, 13 N.W.2d 818. This case, based upon a contractual relationship, is for a breach of implied warranty against encumbrances in sale of personal property. It was there held that a delinquent personal tax (under Iowa law) was not an encumbrance at the time the property was sold. We find nothing therein beneficial to appellant.

The judgment of the trial court should be and is affirmed.
—Affirmed.

GARFIELD, C. J., and BLISS, OLIVER, WENNERSTRUM, THOMPSON, and PETERSON, JJ., concur.