OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1897,

AND IN THE FIFTY-FIRST YEAR OF THE STATE.

---

S. M. BIBBINS, Appellant, v. POLK COUNTY, *et al.*

**Taxes on Personal Property:** LIEN ON REALTY: *Mortgage.* Code, section 865, providing that taxes assessed on personalty shall be a lien on the land of the persons assessed, does not make such lien prior to the lien of a previous mortgage executed on land, by the owner. *Bibbins v. Clark,* 90 Iowa, 230, *followed.*

**Voluntary Payment of Taxes:** CONSTRUCTION OF STATUTE. The payment by a second mortgagee of land, of a lien for taxes, inferior to such mortgage, to induce the prior mortgagee to dismiss an action to foreclose his mortgage, is not within Code, section 870, providing for the refunding to the taxpayer of any tax, or portion thereof, found to have been "erroneously or illegally exacted or paid."

**Adjudication by Demurrer:** CONSTRUCTION OF STATUTE. The provision of Acts Twenty-fifth General Assembly, chapter 86, that when a demurrer shall be overruled and the party demurring answers or replies, the ruling on the demurrer shall not be

**(493)**

considered as an adjudication of any question raised by the demurrer, applies to a case tried on its merits after the passage of such act, although the ruling on demurrer was made before its passage.

Given, J., dissenting.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

## Tuesday, January 19, 1897.

This action is against Polk county and its board of supervisors and treasurer, to recover five hundred and fourteen dollars and eighty-eight cents, taxes alleged to have been erroneously exacted from, and paid by, the plaintiff. By consent of parties the case was transferred to and tried in equity, and will be so considered on this appeal. Decree and judgment was entered against the plaintiff, from which she appeals. —*Affirmed.*

*Guernsey & Baily* for appellant.

*W. G. Harvison* and *James A. Howe* for appellees.

Given, J.—I. Defendants demurred to plaintiff's petition upon several grounds, which, in effect, are that the matters alleged in the petition do not entitle the plaintiff to any relief. This demurrer was overruled, and the defendants answered that as to the truth of the matters alleged they had neither knowledge nor information sufficient to form a belief, and therefore denied the same. There is no controversy as to the facts of this case, and those shown on the trial are substantially as alleged in the petition. Plaintiff contends that the ruling on the demurrer was an adjudication that a sufficient cause of action was stated in the petition, and that, by answering, the defendants lost all right to object to the sufficiency of the facts alleged to entitle plaintiff to

recover. The demurrer was submitted prior to the taking effect of chapter 96, Acts Twenty-fifth General Assembly, taken under advisement, and ruled upon afterwards. That chapter provides: "When a demurrer shall be overruled, and the party demurring shall answer or reply, the ruling on the demurrer shall not be considered as adjudication of any question raised by the demurrer." Counsel dispute as to whether this chapter applied to the case at the times the demurrer was submitted and ruled upon, but the real question is whether it applied to the case at the time it was finally submitted. The statute is as to the remedy. It was in force when the case was decided on its merits, and said to the court, in unmistakable terms, that "the ruling on the demurrer shall not be considered as an adjudication of any question raised by the demurrer." In the absence of this statute, the court was not concluded by the ruling on the demurrer. See *Richman v. Supervisors,* 77 Iowa, 524 (42 N. W. Rep. 422).

II.  The tax sought to be recovered in this case is the same as that considered in *Bibbins v. Clark,* 90 Iowa, 230 (57 N. W. Rep. 884), and (59 N. W. Rep. 290), and the facts alleged and proven are the same as therein stated. We need not restate these facts at length, but simply the following, which will be sufficient for an understanding of the questions to be considered: This tax upon the personal property of W. W. Clark & Co. became a lien upon certain real estate belonging to W. W. Clark, and, the tax not being paid, the real estate was sold by the treasurer, and a certificate given to the purchaser. The plaintiff held a mortgage upon said real estate, subject to a prior mortgage to the Northwestern Mutual Life Insurance Company, both of which mortgages were liens upon said property prior to the time said tax became a lien thereon. Plaintiff foreclosed

her mortgage, and purchased the property at the execution sale, receiving the sheriff's certificate of the purchase. Thereafter, Clark having failed to pay the first mortgage, suit was brought to foreclose it. "Plaintiff, in order to obtain a renewal of said mortgage, and to prevent a foreclosure thereof and loss and expense therefrom, caused to be paid to the holder of said tax sale certificate the sum of $457.23 being the amount necessary at that date to redeem from said tax sale, and caused said tax sale certificate to be assigned to the holder of said mortgage by whom said certificate was held as collateral, and additional security until August 15, 1892, when plaintiff caused redemption to be made from said tax sales; the amount necessary to redeem from said tax sale at said date being $514.88." This claim was duly presented to the defendant board, and payment refused, whereupon, on March 21, 1894, and after *Bibbins v. Clark* had been reversed, this action was commenced.

III. Section 870 of the Code, under which this action is brought, is as follows: "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax, or any portion of a tax, found to have been erroneously or illegally exacted or paid, with all interests and costs actually paid thereon, and in case any real property, subject to taxation, shall be sold for the payment of such erroneous tax, interest, or costs, as above mentioned, the error or irregularity in the tax may at any time be corrected as above provided, and shall not affect the validity of the sale, or the right or title conveyed by the treasurer's deed, if the property was subject to taxation for any of the purposes for which any portion of the taxes for which the land was sold, was levied, and the taxes were not paid before the sale, and the property had not been redeemed from sale." In *Bibbins v. Clark, supra,* it was held that this tax was a lien upon

the real estate in question. Being a lien, the county did not act erroneously nor illegally in exacting payment, and has not received more than was legally due and owing to it. The question is whether the payment of this tax was "erroneously or illegally exacted or paid." It is not disputed that if plaintiff paid the tax voluntarily, without any obligation or necessity for so doing, she is not entitled to relief. It is contended on her behalf that because of the facts concerning the mortgages, and the sale of the entire property instead of Clark's equity therein, it became necessary for plaintiff to pay said taxes to protect her interests as a second mortgagee. In *Trust Co. v. Young*, 81 Iowa, 732 (39 N. W. Rep. 116), and (46 N. W. Rep. 1103), it was held by a majority of this court that a lien against real estate for taxes on personal property is entitled to priority over previous mortgage liens. This holding was overruled in *Bibbins v. Clark, supra*, the majority holding that the lien for taxes on personal property is not entitled to such priority. The majority of the court as now constituted adhere to that conclusion, and therefore it must be accepted as the law. Applying this rule, it is clear that both mortgages were prior and superior to the lien for taxes, and therefore there was neither obligation nor necessity for the plaintiff to redeem from the tax sale to protect the mortgages. Plaintiff's mortgage had been foreclosed, and the property purchased by her, prior to the tax sale, and at that time plaintiff held the sheriff's certificate, from which W. W. Clark had the right to redeem. The tax sale was not of Clark's equity of redemption, but "of lots 2 and 3, Porter's sub-division," etc. Plaintiff contends that by this tax sale the purchaser took a new title, free from any incumbrance, claims or equities connected with the former title, and cites *Crum v. Cotting*, 22 Iowa, 411, as supporting this claim. In that case the

sale of the real estate was for taxes assessed against it, and not for tax on personal property, and the ruling is based upon the fact that such taxes are prior to all other liens. The lien for taxes on personal property not being prior to former liens, the rule announced in that case is not applicable. Under section 897 of the Code, a tax deed conveys "all right, title, interest and estate of the former owner in and to the land conveyed." The mortgages being prior liens, the sale for taxes was subject thereto, and therefore only of Clark's equity; hence there was neither obligation nor necessity for the plaintiff's redeeming from that sale.

IV. It appears that, prior to the redemption, suit was begun to foreclose the first mortgage, and that plaintiff desired to prevent that foreclosure, and to obtain an extension and renewal of that mortgage. That mortgagee refused to withhold foreclosure, or to extend the time for payment, unless the tax lien and sale were removed by redemption. It is in these facts that we have the real reason why plaintiff redeemed. The redemption was not to protect her lien, as against the tax title, for it was superior thereto, but to protect it from an immediate foreclosure of the first mortgage. Can it be said, as between the plaintiff and Polk county, that the redemption from the tax sale made under these circumstances and for these purposes was "erroneously or illegally exacted or paid?" We think not. In receiving the tax the county only got that which was due to it, and the plaintiff voluntarily paid it, without the county having exacted it from her, and without its being necessary to the protection of her interests as a mortgagee. In *Bibbins v. Clark, supra*, we held, as to Polk county, only, that plaintiff could not maintain that action, as she had not first presented her claim for payment, as required by section 2610 of the Code. As to the other defendants, except W. W.

Clark, we held that the redemption was voluntary, and created no obligation upon them to reimburse the plaintiff. As to W. W. Clark, it is said: "It seems to us, that W. W. Clark is impliedly bound to reimburse the plaintiff for the amount she has expended in redeeming these lots from tax sale, with interest and costs. He knew these taxes were unpaid. He knew that they would in time become a lien upon these lots. The payment of these taxes, as we have said, was a matter of necessity for plaintiff, in order to preserve her lien. It was in no sense a voluntary payment. In paying these taxes she was not meddling with that which did not concern her. Clark was the owner of the lots. He owed it to the state and county to pay these taxes. As a mortgagor of plaintiff's assignor, he ought not to be permitted to take advantage of his own negligence in failing to pay these taxes, which were outstanding when he executed the purchase-money mortgage, and which, although technically not liens against the lots at the time that mortgage was executed, were nevertheless claims against Clark which would ripen into liens in due time, impairing the value of the security he had given plaintiff. We think, under all the facts of this case, plaintiff should recover from Clark." Plaintiff insists that, in so saying, this court decided that plaintiff was compelled to, and that it was necessary for her to, redeem to protect her interest and to preserve her lien. This language was used in considering the liability of W. W. Clark, from whom the taxes were due, and as to whom it might well be said the redemption was not voluntary, and that in paying these taxes the plaintiff was not meddling with what did not concern her. It did concern her that a foreclosure of the first mortgage should be prevented, and an extension secured, and to accomplish this, she had to pay the taxes for which W. W. Clark was liable, and had promised in the

mortgage to pay. No such relation existed between plaintiff and Polk county, and there being no necessity, under the rule of *Bibbins v. Clark,* for plaintiff to redeem to protect her lien, the redemption as to the county was purely voluntary, and the decree of the district court should be affirmed. The writer, while cheerfully acquiescing in the opinion of the majority in *Bibbins v. Clark,* is still of the opinion that the rule announced in *Young's Case* as to priority of liens, is the correct rule, and in harmony with the language of the statute and the intention of the legislature. I do not believe that the language of the statute requires, or that the legislature intended, that payment of taxes on personal property should be less secured to the state than taxes on real estate. The rule of the majority ignores the principle that, in return for taxation, the state gives protection, and renders it possible for lienholders, though receiving protection to the property upon which they depend, to defeat the state of its taxes. I fail to see the application of section 2882 as to judgment liens. The rights of the state to taxes legally levied are certainly different from those of a judgment creditor. Following the law as announced in *Bibbins v. Clark,* the decree of the district court is AFFIRMED.