IN RE ASSIGNMENT OF CUTLER & HORGEN.

CUTLER & HORGEN et al., Appellees, v. F. S. LOHR et al., Appellants.

No. 40178.

January 13, 1931.

Supplemental Opinion on Rehearing September 29, 1931.

Rehearing Denied January 20, 1932.

F. W. Lohr, for appellant F. S. Lohr.

H. G. Bartlett, for Amelia C. Lohr, appellant.

F. C. Bush, G. E. Marsh, A. E. Brown, and A. B. Lovejoy, for appellees.

■ Albert, J.—This is the second appeal in this case, the opinion in the first appeal being found in 204 Iowa 739, where the facts are stated. On procedendo in this case, an effort was made to carry out the orders of this court. The assignee filed a report showing that she had paid her attorneys $500 in fees, with interest thereon of $78.08; that she also paid herself as assignee for services, $1150.00, with interest, amounting to $179.59; also the costs of the first trial in the district court amounting to $57.60; also the rent claimed from S. S. Lohr of $1750.00, plus $273.29 interest. The interest was all figured at 6%. The court reduced the interest to 4%. The evidence shows that the assignee had her funds on deposit at the bank bearing 4% interest, payable semi-annually. The assignee appeals.

Her first complaint is that the court erred in disapproving the payment of interest at 6% per annum on the judgment of the landlord, and the fees of the assignee and her attorney. The court evidently allowed the 4% semi-annual interest to be figured on these claims and held that the assignee must turn back the excess, or the difference between that and 6% interest which she paid. In this we think the court's ruling was right. The evidence shows that there were not sufficient funds in this estate to pay the creditors in full, with interest on the claims. We have held that in insolvent estates where this condition ex-

ists, creditors, even preferred creditors, are not entitled to interest. See Leach v. Sanborn State Bank, 210 Iowa 613.

It is next urged that the court erred in taxing the costs of the original proceeding in amount of $57.60 against the assignee. In this there was no error. So far therefore as the appeal of the assignee is concerned, the case is affirmed.

II. F. S. Lohr also appeals. As is noted in the former opinion, he was the holder of a chattel mortgage for $4500.00 on an undivided half-interest in the stock of goods involved herein. He claims that his chattel mortgage was superior to taxes due the State. Opposing counsel rely on section 12731, Code, 1927, which provides that in cases of assignment for the benefit of creditors, taxes due the state shall have priority and be paid in full. We do not think this section of the statute is applicable here. Lohr, under his chattel mortgage, had the first lien on this property, and the taxes in controversy were never a lien on the property. We know of no equity under such circumstances which would make these taxes a lien superior to a chattel mortgage on an undivided one-half of this property. It is to be remembered that the State is not here asserting a superior lien, but the question involved is what the equitable rights are as between this chattel mortgagee and other creditors of the partnership making the assignment, and because this matter was taken into court by insolvency proceedings is no reason why the holder of the chattel mortgage should be required to bear the burden of any part or all of these taxes.

It is further insisted that the unpaid rental on the building which originated and accrued after the giving of this chattel mortgage should also be deducted, thus making the chattel mortgagee stand a part of this unpaid rent. While the same was a lien on the property by reason of the relation of landlord and tenant, yet it was a lien junior and inferior to the rights of the prior-existing chattel mortgagee, and we see no reason why any part of this unpaid rent should be borne by the chattel mortgagee.

In the former submission of this case, 204 Iowa 739, 745, we said: "In the final distribution of the proceeds of this estate in the hands of the assignee, in determining the amount due the chattel mortgagee, the proceeds are not to be reduced

by the compensation allowed the assignee, but are to bear their share of the usual cost of administration.''

This is the law of the case which must control us in the consideration of this question. It follows, therefore, that no part of the fee allowed the assignee can be charged against or deducted from the undivided half-interest on which this chattel mortgage existed. In other words, the value of the undivided half-interest of all of the property that went into the hands of the assignee, less the proportionate share of the usual cost of administration, is the amount that should be received by the chattel mortgagee.

Turning to the reports of the assignee, so far as we are able to determine therefrom, the amount thus ascertained as the value of the assets that went into the hands of the assignee was $6856.89. One-half of this amount is $3,428.44. The accounts presented to us in the various reports of the assignee are in many instances lump sums, and it is a difficult matter to determine what is the proportionate share of the usual cost of administration. So far as we are able to calculate from the figures before us, the share of the expense of administration, which should be borne by the chattel mortgagee, would be approximately $300.00. This would leave a balance of $3,128.44 which should be paid by the assignee to the holder of the chattel mortgage. This is in accordance with the rule laid down by the prior opinion in this case.

The motion to dismiss the appeal is overruled.

The decree entered in the lower court is affirmed on the appeal of the assignee and is modified and affirmed on the appeal of the chattel mortgagee.—Affirmed on the appeal of the Assignee; modified and affirmed on the appeal of the Chattel Mortgagee.

All Justices concur except FAVILLE, C. J., and EVANS, J., who take no part.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

PER CURIAM.—Amelia C. Lohr, as assignee, and F. S. Lohr and the appellees have each filed separate petitions for rehearing.

The petition of Amelia C. Lohr is overruled.

As to the petition of F. S. Lohr, owing to a confused record, we said in the former opinion that F. S. Lohr was entitled to one-half of $6,856.89, or $3,428.44, on his chattel mortgage. Our attention is now called to an error in figures, and after making the proper deduction, the mortgage fund is found to be $3,731.51, from which should be deducted his share of the former costs of administration which we have there fixed at $300, leaving a net amount in the hands of the assignee to be applied on this chattel mortgage of $3,431.51. This mortgage was originally for $4,500, under date of June 24, 1921. Five Hundred Dollars have been paid on the principal, leaving a balance due of $4,000.00. As we have above found that the total sum in the hands of the assignee to be applied on this chattel mortgage is $3,731.51, this amount is insufficient to pay the face of the mortgage, to say nothing about interest. This being true, the rule referred to in the original opinion in Leach v. Sanborn State Bank, 210 Iowa 613, would apply.

It is however found in the record that the assignee had this fund on deposit in a bank drawing interest at the rate of 4% payable semi-annually, and whatever interest the assignee collected from this fund from the bank should be paid to the chattel mortgage holders. The former opinion will be modified in this respect, and otherwise, so far as the petition of F. S. Lohr is concerned, said opinion is adhered to and the petition for rehearing overruled.

The appellees insist that the statement made in division II of the opinion with reference to the priority between the chattel mortgage and taxes is not the law under the decisions of this court. This paragraph contains one misstatement where it is said "the taxes in controversy were never a lien on the property." The statement should have been qualified by saying that the taxes were never a lien on this property, superior to that of the chattel mortgage.

Section 7205, Code, 1927, makes such taxes a lien, but does not give them priority. There can be no question that the legislature had the right to make taxes a paramount lien by so declaring by statute, but in the absence of such declaration, taxes declared to be a lien are not a first lien. Bibbins v. Clark & Co., 90 Iowa 230. The general subject is discussed and authorities collated in 37 Cyc. 1143 et seq.

988

We are satisfied that the amount of $300 is a fair share of the administration which should be charged to the appellee mortgage holders.

The original opinion overruled the motion to dismiss the appeal of F. S. Lohr, and complaint is made as to that ruling.

The motion was overruled on the ground that the non-objecting creditors (who were not served with notice of the appeal) were not parties within the meaning of sections 12834 and 12837, Code, 1927. The ruling made thereon in the original opinion is adhered to.

With these modifications, the petitions for rehearing are overruled.