LINN COUNTY, IOWA, Appellant, v. EDITH STEELE, Appellee.

No. 43936.

JUNE 15, 1937.

G. K. Thompson, County Attorney, and E. A. Fordyce, Asst. County Attorney, for appellant.

J. U. Yessler, for appellee.

HAMILTON, J.—Edith Steele, the appellee, was the owner of a certain building used as a restaurant, and of the fixtures contained in said building. This building was located on real estate owned by a third party. On the 24th day of July, 1933, appellee sold to H. W. Duncan said building and fixtures contained therein under a conditional sale contract which reserved in the seller the title, ownership and right of possession of said property until the purchase price was fully paid. Duncan having failed to make payment in accordance with the terms of the contract, the appellee on August 30, 1935, repossessed the property. In the meantime, taxes had been separately levied against the building and against the fixtures therein for the years 1934 and 1935, and remained unpaid. The property was listed and assessed in the name of H. W. Duncan as owner of the property. It is the contention of appellee that since her lien under the contract was prior in point of time to the tax liens, that she took said property free from said liens. On the other hand, it is contended by the appellant, Linn County, Iowa, that under section 7205, the county had a lien against the fixtures, and under section 7206 had a lien against the building, and that such liens were prior and superior to the conditional sale contract lien. The amount involved was not large, but the question was deemed of sufficient

importance to warrant the trial court in granting a certificate under the provisions of section 12833 of the Code, 1935, permitting the appellant to perfect its appeal to this court. The question in the form presented has never been directly passed upon by this court.

■■■ The provisions of Code sections 7202, 7205 and 7206 prior to the Code of 1924 were contained in one section, being section 1400 of the Supplement to the Code of Iowa, 1913, as amended by chapter 337, Acts of the 37th General Assembly, pertinent parts of which are as follows:

"Section 1400. Lien of taxes. Taxes upon real estate shall be a lien thereon against all persons except the state. * * * Taxes upon stocks of goods or merchandise, fixtures and furniture in hotels, rooming houses, billard halls, moving picture shows and theaters, shall be a lien thereon and shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser or vendee, and such owner, purchaser or vendee of any of such goods, merchandise, furniture or fixtures shall be personally liable for all taxes thereon. In all cases where buildings are assessed as personal property, the taxes shall be and remain a lien on said buildings from the date of levy until paid."

In the 1935 Code of Iowa, these provisions of the former section 1400 now appear as follows:

"7202. Lien of taxes on real estate. Taxes upon real estate shall be a lien thereon against all persons except the state.

"7205. Lien follows certain personal property. Taxes upon stocks of goods or merchandise, fixtures and furniture in hotels, restaurants, rooming houses, billard halls, moving picture shows and theatres, shall be a lien thereon and shall continue a lien thereon when sold in bulk, and may be collected from the owner, purchaser, or vendee, and such owner, purchaser, or vendee of any of such goods, merchandise, furniture, or fixtures shall be personally liable for all taxes thereon.

"7206. Lien follows building assessed as personalty. In all cases where buildings are assessed as personal property, the taxes shall be and remain a lien on said buildings from the date of levy until paid."

Appellee does not contend that the appellant did not have

a lien on said property, but it is her claim that appellant's lien is inferior to hers for the reason that her lien attached first in point of time, and since she has taken over the property by enforcing her lien, that she holds it free and clear of said tax liens and she relies principally upon the following cases. Bibbins v. Clark & Co., 90 Iowa 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278; Bibbins v. Polk County, 100 Iowa 493, 69 N. W. 1007; In re Assignment of Cutler & Horgen, 213 Iowa 983, 234 N. W. 238, 238 N. W. 80, 81; and especially the following statement found in the latter case:

"There can be no question that the legislature had a right to make taxes a paramount lien by so declaring by statute, but in the absence of such declaration, taxes declared to be a lien are not a first lien." Citing Bibbins v. Clark, supra.

In the Bibbins v. Clark case, the court had under consideration that provision of the statute which makes taxes upon personal property a lien upon real estate owned by the taxpayer. In the Cutler & Horgen case, supra, it is not clear what tax was under consideration. We will have more to say concerning this case further along in this opinion.

First, let us take note of a well-recognized principle of law that taxes are not a lien upon the property assessed, or other property of the taxpayer unless expressly made so by statute, and this lien cannot be enlarged by judicial construction. Jaffray v. Anderson, 66 Iowa 718, 24 N. W. 527; Bibbins v. Clark & Co., supra; Frankel v. Blank, 205 Iowa 1, 213 N. W. 597. Whether this statutory tax lien is paramount to other liens upon the property depends upon whether the legislature intended it to be such, and this intent must be ascertained from the express language of the statute or by necessary implication. This is undoubtedly the correct rule as announced by the great weight of authority. See, generally, on this question of priority, 61 C. J., Par. 1176, page 925, and cases cited. There is nothing in the opinion in the case of Bibbins v. Clark & Co., supra, relied upon by appellee that holds to the contrary.

It is not necessary that the statute contain the words "first lien" or "paramount lien" in order to establish priority. If this were true, then the lien of the tax on real estate under section 7202, Code 1935, could not be held prior to other liens, for said section contains no such express terms. In the case of

Trust Co. v. Young, 81 Iowa 732, 39 N. W. 116, 46 N. W. 1103, 1104, 10 L. R. A. 478, this court said:

"It is a general principle in our system of taxation that, when taxes are made a lien upon real estate, they become prior and superior to all mortgage or judgment liens. Were it otherwise, the state in the collection of her revenues would be placed in the attitude of a junior lien holder, and forced to redeem from prior liens, or be defeated in the collection of her taxes. The power of taxation is an incident of sovereignty, and the exercise of that power cannot be defeated by asserting superiority for the claims of individuals."

This statement was repudiated and the case of Trust Co. v. Young overruled insofar as it held that taxes assessed against personal property become a lien upon real estate prior and superior to existing liens thereon (see Bibbins v. Clark, 90 Iowa 230, 57 N. W. 884, 885, 59 N. W. 290, 29 L. R. A. 278), but as applied to the tax upon the *res*, the real estate itself, it has never been repudiated or denied, and is still a correct rule of law and the law of this state. The tax upon real estate is not considered a mere personal claim against the owner, but is a charge or lien against the land. The same rule was announced by the United States Supreme Court in the case of Osterberg v. Union Trust Company of New York, 93 U. S. 424, 428, 23 L. Ed. 964, in the following language:

"A lien for taxes does not, however, stand upon the footing of an ordinary incumbrance, and is not displaced by a sale under pre-existing judgment or decree, unless otherwise directed by statute. It attaches to the *res* without regard to individual ownership, and when it is enforced by sale pursuant to the statute, prescribing the mode of assessing and collecting them, the purchaser takes a valid and unimpeachable title."

█▌█ It is the contention of appellant that since the legislature made the tax upon stocks of merchandise, fixtures, etc., and upon buildings assessed as personal property a lien thereon, under the provisions of sections 7205 and 7206 of our code, the same reasoning by which the court arrived at the conclusion that taxes upon the real estate itself were paramount to other existing liens must necessarily be applied in construing said sections, and we are inclined to agree with appellant's contention.

The first attempt by the legislature of this state to make taxes upon personal property a lien upon personal property was the passage of a bulk sales tax law, chapter 35, Acts of the 24th General Assembly, approved April 6, 1892, whereby it was provided that ''when a merchant or other person assessed with personal property *only*, shall sell or transfer in bulk any stock of goods or merchandise, after the taxes thereon have become payable and remaining unpaid, all such unpaid taxes shall become a lien upon such personal property in the possession or under the control of such purchaser or vendee.'' (Italics ours.)  This act was later held invalid as invading constitutional provisions because of defects in the title to the act.  Rex Lumber Co. v. Reed, 107 Iowa 111, 77 N. W. 572.  In the opinion in this last case, in discussing the purpose of the act, the court said that the obvious purpose of the act was to afford means to aid in the collection of taxes levied on account of the stock.  We refer to this act merely as a matter of history.  Prior to the enactment of the bulk sales tax law, our court had uniformly held that a tax upon a stock of merchandise did not follow the property inasmuch as there was no lien created by statute against said specific property.  See Jaffray & Co. v. Anderson, supra.  By subsequent enactments, the bulk sales tax law became a part of section 1400 of the Code of 1897, and likewise buildings which were assessed as personal property were put in the same category with stocks of merchandise, fixtures, etc., sold in bulk.  See chapter 59, Acts of the 29th General Assembly, approved March 17, 1902.  Some amendments and substitutions were made to section 1400 of the 1897 Code, until the law finally became as it is now found in sections 7202, 7205 and 7206, Code of 1935, hereinbefore set out, the separation of the law into sections having been made by the code editors.

So we have three classes of property included in these three code sections upon which the taxes thereon are made liens, namely:  (a) real estate, (b) stocks of goods, merchandise, fixtures, furniture, etc., sold in bulk, (c) buildings assessed as personal property.  In none of these three sections do we find express language making the tax lien a first or prior lien over other subsisting liens upon the property, but in all of them we think the court must find, in view of this historical background, that it was the evident intention of the legislature to make the lien for the taxes provided by said sections paramount and

superior to all other liens, and that the lien for the taxes assessed against stocks of goods, merchandise, fixtures, etc., sold in bulk under the provisions of section 7205, and buildings assessed as personal property, under the provisions of section 7206, must by necessary implication be held to be as binding and effectual and paramount to all other liens upon said property as the lien of the tax upon real estate. Such would seem to be the construction heretofore placed upon the bulk sales tax provision by our prior decisions.

In the case of Larson v. Hamilton County, 123 Iowa 485, 486, 99 N. W. 133, 134, this court, in considering section 1400 of the Code of 1897, said:

"The theory of the statute seems to be that such property is so far permanent in character that, in the matter of taxation, it may be treated like real estate. The taxes are against the property as such as well as against the owner. A sale in bulk does not avoid the tax. If the stock continues such, the lien attaches in whosesoever hands the stock may be found. It may not attach until the levy, and this is doubtless true with respect to real estate. But the lien is as inevitable as against real estate, save when the stock is disposed of at retail, and cannot be obviated so long as the stock remains intact and can be identified as such. The language of the statute to this effect is plain, for it declares that the taxes shall be a lien, not that such shall be the case unless the stock is sold before the lien attaches."

In the case of Mercantile Co. v. Blair & Wendt, 123 Iowa 290, 291, 98 N. W. 789, the court, speaking through Justice Deemer, said concerning section 1400, now section 7205:

"We shall assume, for the purpose of the case, that the taxes, when levied and assessed against Blair & Wendt, were a lien upon the stock of goods, and that this lien continued so long as the goods remained in bulk, and could be collected from the owner, or any other person in whose hands the goods·were found. * * * The statute quoted [section 1400] makes the taxes a lien on the property when sold in bulk, but does not make the purchaser personally liable therefor. True, they may be collected from the owner, purchaser, or vendee, but this collection must be by the ordinary methods provided for such collection."

After this decision was handed down, the legislature amended

the law, chapter 337, Acts of the 37th General Assembly, which went into effect the 4th day of July, 1917, by adding thereto the words: "And such owner, purchaser, or vendee of any such goods, merchandise, furniture or fixtures shall be personally liable for all taxes thereon."

This brings us to the case In re Assignment of Cutler & Horgen, 213 Iowa 983, 234 N. W. 238, 238 N. W. 80, relied upon by appellee. In that case a stock of merchandise owned by a partnership was involved, and the contest was between the holder of a chattel mortgage given by one of the members of the partnership upon his undivided interest in the stock of merchandise and the general creditors of the partnership. At the time the chattel mortgage was executed and filed there were no partnership debts. Later, partnership debts were incurred and an assignment for the benefit of creditors was executed by said partnership. The case was twice before this court. The first opinion is found in 204 Iowa, page 739, 212 N. W. 573, 217 N. W. 448, 54 A. L. R. 527, and the second in 213 Iowa, page 983, 234 N. W. 238, 238 N. W. 80. There was a petition for rehearing and a supplemental opinion filed to both of the original opinions. In the first opinion the matter of taxes was not discussed. It is not clear from a reading of the opinion just what particular taxes were involved, whether they were taxes upon the partnership property as such, or whether they were personal property taxes or other taxes against the partnership. For the purpose of our discussion we will assume that the taxes involved were taxes upon the partnership property, which were levied and assessed and became a lien thereon after the execution of the chattel mortgage. In the last supplemental opinion (213 Iowa, at page 987, 238 N. W. 80, 81), we find this language:

"The appellees insist that the statement made in division II of the opinion with reference to the priority between the chattel mortgage and taxes is not the law under the decisions of this court. This paragraph contains one misstatement where it is said 'the taxes in controversy were never a lien on the property.' The statement should have been qualified by saying that the taxes were never a lien on this property, superior to that of the chattel mortgage.

"Section 7205, Code, 1927, makes such taxes a lien, but does not give them priority. There can be no question that the legis-

lature had the right to make taxes a paramount lien by so declaring by statute, but in the absence of such declaration, taxes declared to be a lien are not a first lien. Bibbins v. Clark & Co., 90 Iowa 230, 57 N. W. 884, 59 N. W. 290, 29 L. R. A. 278.''

- It will be noticed that the authority cited in support of this statement of the court is Bibbins v. Clark & Co., and in that case the court had under consideration that particular provision of the statute making taxes upon personal property a lien upon the real estate owned by the taxpayer, and the court said: ''Now, our statute does not provide, either *expressly or by implication*, that taxes due upon personal property shall be a lien upon real estate owned by such person, superior to any lien then existing thereon. It simply says, as to such taxes, they shall be a lien upon any real estate he owns, or which he may afterwards acquire. To hold that a *mere statutory creation* of a lien upon real estate, *without more*, is equivalent to, and to be construed as, creating a lien superior to existing liens thereon, is, as it seems to us, not only overriding all rules of construction, but it is inconsistent with our holding in the construction of other statutes where similar language is employed.'' (Italics ours.)

The plain import of the language heretofore quoted from the opinion in the Cutler case is that in order to create a paramount lien there must be an express declaration to that effect. Said opinion states:

''The legislature had the right to make taxes a paramount lien by so declaring by statute, but in the absence of such declaration, taxes declared to be a lien are not a first lien,'' and the writer of the opinion in said case must have had this idea in mind when he stated that ''Section 7205, Code 1927, makes such taxes a lien, but does not give them priority.''

As applied to statutory provisions creating liens upon the property upon which the tax is levied, as is the case under sections 7202, 7205, and 7206 of the Code, this language is too broad and sweeping. The Bibbins case does not go that far. What that case holds is that the mere creation of a lien is not enough to establish priority, that there must be found in the statute creating the lien, ''either expressly or by implication'' an intent on the part of the legislature to make such lien para-

mount. For example, in section 7202 there is no express declaration of priority, yet our court has held that the words "against all persons" contained in said section, evidence a plain intent on the part of the legislature to make the lien paramount. Apparently this phase of the matter was overlooked and the language used not carefully guarded, and there is no indication in the opinion that the court gave this tax matter careful consideration. The chief controversy in that case was between the general creditors and the holder of the chattel mortgage.

We are unable to discover any rational or logical basis for differentiating between the construction to be placed upon section 7202 applicable to real estate taxes and sections 7205 and 7206. The language of section 7202 is that the "taxes * * * shall be a lien thereon against *all persons* except the state." The language in section 7205 is "shall be a lien thereon and shall *continue a lien thereon*." The language of section 7206 is "*shall be and remain a lien * * * until paid.*" (Italics supplied.) If the lien is to be against "all persons" or if the lien is to "continue a lien thereon" or if the lien is to "remain a lien until paid" it must be held by necessary implication that the legislature intended to make said lien paramount and superior to all other liens. To hold that the plain intent of the legislature to have these taxes made a lien upon the specific property and remain a lien thereon in whosesoever hands the same may be found, may be evaded by the simple process of placing a chattel mortgage on the property or disposing of the same by conditional sale contract, and later foreclosing or repossessing the property, would defeat the very purpose of the law.

We are therefore constrained to hold that the lien of defendant's conditional sale contract was inferior to that of the county. Wherein the case In re Assignment of Cutler & Horgen, 213 Iowa 983, 234 N. W. 238, 238 N. W. 80, is in conflict with this opinion, the same is overruled. It follows that the trial court was in error. The case is accordingly reversed and remanded.—Reversed and remanded.

PARSONS, DONEGAN, ANDERSON, SAGER, KINTZINGER, and STIGER, JJ., concur.

RICHARDS, C. J., dissents.