## PHILBRICK *v.* PHILBRICK.

A statute under which the signer of a note, made in this State, and payable generally to a citizen of another State, or order, may be charged as the trustee of the payee, is not unconstitutional as impairing the obligation of contracts.

FOREIGN ATTACHMENT. The following facts appeared from the disclosures of the trustees: July 25, 1853, the trustee, Edward Philbrick, the father of the principal defendant, being aged, and indebted to the amount of about

$500, and having little property beside a lot of land in Concord, applied to the defendant (who then was, and ever since has been, a resident and citizen of the State of Illinois,) for assistance. The defendant accordingly came to this State, and, being willing to loan and advance to Edward $1200 on said land, let him have $500, taking his note therefor, and gave him his (the defendant's) note for $700 more, payable $100 and interest yearly, that being about as Edward needed the money for his support. At the same time the defendant took a note from Edward for $700, payable to him, or his order, on demand, with interest annually; and it was agreed between them that the payments made by the defendant on his note to Edward should be indorsed thereon, and said note should offset Edward's $700 note to the defendant, as long and so far as any portion of it remained unpaid. Edward then gave the defendant a mortgage of said land, to secure payment of said two notes to him. Said notes were made at Concord, N. H., and payable to the defendant, or order, generally.

On the 22d day of June, 1858, Edward sold and conveyed said land, subject to said mortgage, to the Union School District in Concord, for $2,000, the district agreeing to pay the defendant the amount due on said notes, as part of said consideration, and Edward endorsed and transferred to the district the note of the defendant to him, that the offset might be made as agreed. On said note payments had been made and endorsed thereon, so that there was then due on the $700 note to the defendant the sum of $460.81, and upon the $500 note there was due the sum of $664.57. These sums the district assumed and agreed to pay the defendant, and paid Edward the balance of the $2,000.

Edward then gave notice to the defendant of the sale, and that the district were ready to pay him the amount due on the notes, when called for, which said district were

ready to do, and to give up to him his said note. After-wards, and before the defendant had received the amount from the district, the writ in this action was served upon Edward, and the district as trustees.

The action was entered in court without any service having been made upon the defendant, but an order of notice on him by publication was made after entry, and complied with, upon which an appearance was entered for him by his attorney.

*Stickney*, for the plaintiff.

The disclosure of Edward Philbrick brings the case clearly within the language of the statute. The trustee is indebted to the principal defendant by a negotiable prom-issory note, made in this State, and payable generally to the defendant, or order, on demand. For the purpose of deciding this question it is to be taken for granted that the notes had never been transferred by the defendant, but were still in his possession. This case is not at all analo-gous to the discharge of a debtor under the insolvent laws of a State. In that case the debtor is discharged without any payment or consideration, and when the State has no jurisdiction over the person or property of the non-resident creditor; but in this case, by charging the trustee, the plaintiff's debt against the defendant is paid, and the de-fendant is absolutely discharged from it, and thus receives the full value of his notes; and, besides, the law in this case operates upon the property of the defendant found in this State, and not upon his person. These notes are evidence of a debt due to the defendant in this State, and this debt, being found within the limits of the State, comes under its jurisdiction and is subject to its laws, and may be lawfully taken in pursuance of the laws of the State, and appropriated to pay the plaintiff's debt against the defendant.

It is well settled that each State has exclusive jurisdic-

tion over all the property, personal as well as real, within its limits, and may regulate and control its transfer and disposition, and subject it to process and execution, whether the owners thereof be citizens of the State or not. Debts due to non-residents are considered as personal property, and equally subject to the jurisdiction and process of the State. Story Conf. of Laws, secs. 549, 550, 558, 592; *King* v. *Holmes*, 27 N. H. 226.

Many, if not all, of the States have passed laws for the attachment and taking of the property of non-resident debtors, and there have been various decisions of the courts, growing out of proceedings under those laws. It is well settled by these decisions that, by the attachment of the property of a non-resident debtor, and giving the required notice, the court acquires jurisdiction over the case, so that the plaintiff can obtain judgment and execution against the defendant, and take his property to satisfy the execution; Story Conf. of Laws, sections before cited; *Bissell* v. *Briggs*, 9 Mass. 468; *Kendrick* v. *Kimball*, 33 N. H. 482; *Thompson* v. *Carroll*, 36 N. H. 21; and the same principle applies to the trustee process, so as to hold the property in the hands of the trustee. *King* v. *Holmes*, 27 N. H. 226; *Young* v. *Ross*, 31 N. H. 201; *Carleton* v. *Washington Ins. Co.*, 35 N. H. 162.

These notes are debts, or evidence of debts, in this State, and are subject to our laws in the same manner as any other personal property. If the notes had not been negotiable, it would be conceded at once that the trustee must be charged, and if charged it must be upon the ground that the notes are debts or property within this State, and subject to our laws. Are not negotiable notes against citizens of the State, so long as they remain unnegotiated, debts or property within this State? It is difficult to conceive why such notes, so long as they remain unnegotiated in the hands of the original payee, are not just as much debts or property within this State, and sub-

ject to our laws, as notes not negotiable; or why, if the trustee should be charged, it would any more impair the obligation of contracts in one case than the other. If the note should be transferred after the service of the trustee process, the indorsee would take it, subject to any claims of the creditor upon it, by virtue of this process. *Amoskeag Manufacturing Co.* v. *Gibbs*, 28 N. H. 290. In this case the notes, having been due five years, were, of course, dishonored, and the indorsee would take them, subject to all defences.

*C. H. Bell*, for the trustees.

It is attempted to charge the trustees, under chapter 221, sections 18 and 19, Compiled Statutes, for the amount of negotiable promissory notes made in this State; but the payee being a citizen of another State, and the notes being made payable generally, we submit that this would be to impair the obligation of contracts, and in contravention of article 1, section 10, Constitution of United States. The statute under consideration is of comparatively recent enactment in this State, and we are not aware that it has been adopted by other States. We cannot, therefore, produce direct authorities upon the question; but the general proposition, that a law providing for the discharge of a promisor from liability to the promisee, by reason of his having paid the debt or damage stipulated, to a third party, does in fact operate to impair the obligation of the contract, seems too clear for argument.

The only question, then, is whether the case here presented is that of a law impairing the obligation of contracts in such a manner as to bring it within the constitutional prohibition. It may be stated generally, upon the authority of the decided cases, that a State may enact laws to affect contracts thereafter to be made, by parties citizens of such State, or to be performed in such State. Such statutes do not, in the sense intended by the consti-

Philbrick *v.* Philbrick.

tution, impair the obligation of such contracts. But it has also been decided that a State has no power to pass a law to affect the validity of a contract made with a party citizen of another State, and where the contract is to be performed generally. Such a law would come within the prohibition of the federal constitution. 3 Story's Com. 15, 256; *Whitney* v. *Whiting*, 35 N. H. 457.

In the case at bar the notes were not made payable in this State, nor even dated here. In *Whitney* v. *Whiting* this subject is fully considered, and an elaborate review of the decisions given, and that case seems to us decisive of the present.

We submit, therefore, that the court, in construing the statute under consideration, will substitute the conjunctive for this disjunctive, so that it shall read: If any person summoned as trustee is indebted to such debtor by a negotiable promissory note, made *and* payable in this State, &c.; and in fact the court, in their opinion in *Horn* v. *Thompson*, 31 N. H. 562, 572, and in *Thompson* v. *Carroll*, 36 N. H. 21, 25, in reciting the provision, have made the change suggested, and which we suppose to be necessary in order to bring the statute within the requirements of the constitution.

Doe, J.* The case does not show that the defendant has assented to the arrangement made by Edward Philbrick and the school district, or that Edward was discharged from his liability to the defendant. If the district should pay Edward the whole of the $2,000, the defendant would have no claim on the district. The original contract between the defendant and Edward is not abandoned, the defendant and the district have not become parties to a new contract, and the district is not liable as trustee.

It is objected by Edward Philbrick, the other trustee, that any law by which he should be charged would be

* FOWLER and BELLOWS, JJ., did not sit.

unconstitutional, as impairing the obligation of contracts. The obligation of contracts would be affected as much by taking any other property out of a trustee's hands, where the property is held by the trustee under a contract not by its express terms to be performed in this State, as by taking the money due on these notes. The doctrine contended for would exempt from attachment and execution all property of non-residents, so held in this State. If this were a proceeding to discharge a trustee from a debt due to the defendant on payment of part of that debt, it would virtually be a process under an insolvent law, and the residence of the defendant would, under some circumstances, be material. But the trustee statute merely provides how a debtor's property may be attached and appropriated towards the payment of his debts in cases where, the property being in the possession of third persons, it would be inconvenient, difficult or impossible, to reach it by an ordinary attachment or levy of execution. The statute does not in the least impair the obligation of the trustee to pay his debt; it only directs to whom he shall pay it—that he shall pay it to a creditor of the defendant, without diminishing the defendant's estate otherwise than by costs which attend all attachments.

Edward Philbrick is chargeable, as trustee, for the balance due on the notes.

*Union School District discharged—Edward Philbrick charged.*