## LEFAVOUR *v.* BARTLETT.

A collector, who distrains goods for nonpayment of taxes, must keep them four days before he advertises them for sale, so that the owner may redeem them; otherwise the sale will be illegal.

PETITION for mandamus, setting out that the petitioner, Robert Lefavour, of Portsmouth, in said county, had been legally appointed collector of taxes in the city of Portsmouth, for the year 1860, and duly qualified; that by a warrant, duly signed by the mayor and aldermen of said city, and under the seal of said city, dated August 22, 1860, he was duly authorized to collect said taxes, and that the list of taxes for said year was duly delivered to him for collection; that on said list was a tax assessed against Peter Jenness, of said Portsmouth, amounting (including state, county, school, city and highway taxes) to the sum of $307.92; that after said list was committed to him, the sum of $9.23 was abated from the tax of said Jenness; that on or about the tenth day of January, A. D. 1861, there still remaining due and unpaid on said tax of said Jenness the sum of $298.69, your said petitioner gave to said Jenness a notice of said tax, stating that unless it was paid within fourteen days he should distrain for the same; that February 23, 1861, being more than fourteen days after the delivery of said notice, said amount still remained unpaid on said tax, and that on said day said petitioner distrained upon four shares of the Bank of New-Hampshire, being the property of said Jenness, and gave notice thereof to the cashier of said bank, and also to said Jenness; that on February 27, 1861, the said tax, and all charges thereon still remaining unpaid, said petitioner posted up notices, at the Post Office, on the Brick Market, and in the Portsmouth Athenæum, being three public places in said city, that he would sell said four shares to the highest bidder, in front of the Portsmouth Athenæum,

on the first day of March, A. D. 1861, at twelve o'clock noon; and at said time and place (it being within forty-eight hours from the expiration of four days after said distraint), did sell said four shares to Horace Webster, of said Portsmouth (he being the highest bidder), for the sum of $102 per share; that said Webster signed an agreement, in writing, to take and pay for said four shares, on the delivery to him of the bank certificates thereof; that on the second day of March, A. D. 1861, said petitioner notified said Bank of New-Hampshire of said sale, by a notice to James P. Bartlett, the cashier thereof, and at the same time demanded a certificate of said shares in the name of said Webster; that said Bartlett and said Bank of New-Hampshire have neglected and refused, and still do neglect and refuse, to issue such certificate. The petition then prayed for a writ of mandamus (after an order of notice), commanding said bank and said Bartlett to issue, in the name of said Webster, a certificate of four shares of said stock.

*W. H. Rollins*, for the petitioner.

*Webster*, for the petitionees.

NESMITH, J. The petitionees move to dismiss ·the present proceeding, and assign for cause that the collector did not keep the bank shares distrained four days before he advertised them for sale. The Revised Statutes (ch. 48, sec. 6) provide " that the collector shall keep the property distrained four days, at the cost of the owner." Here the alleged distraint was on Saturday, February 23. The advertisement for sale was on Wednesday, February 27. The auction sale was on Friday, March 1.

Prior to the enactment of the Revised Statutes (ch. 1, sec. 25), if the computation of time were to be made from any act done, or the time of any act, the day on

Lefavour *v.* Bartlett.

which the act was done was to be included. *Rust* v. *Tarlton*, 3 N. H. 92; *Blake* v. *Crowninshield*, 9 N. H. 304; *Souhegan Factory* v. *McConihe*, 7 N. H. 322. And if the computation were to be made from any date, or the day of any date, then the day was to be excluded. *Rand* v. *Rand*, 4 N. H. 267. The Revised Statutes (ch. 1, sec. 25) removed the distinction, and established one uniform rule, excluding the day of the date, in all cases not specially provided for. "When time is to be reckoned from any day, date or act done, or the time of any act done, either by force of law or by virtue of any contract hereafter made, such day, date, or the day when such act is done, shall not be included in such computation." *Scovill* v. *Holbrook*, 22 N. H. 269.

The day of the distraint and the day of the advertisement here, are, therefore, both to be excluded. The property distrained was not kept four days, in order that the owner might have an opportunity to redeem it, by paying the taxes. The property was kept but three days, including Sunday; excluding Sunday, but two. And Sunday is not reckoned as a *juridicus dies* here, according to the rule established in *Mason* v. *Thomas*, 36 N. H. 304. The shares were advertised and sold prematurely, and, therefore, illegally. The court say, in *Souhegan Factory* v. *McConihe*, before quoted, that there must not be any material deviation from the letter of the provisions of the statutes, as they are deemed for the benefit of him whose property may be taken. The collector's whole authority, in such cases, is derived from the provisions of the statute, which must be strictly pursued. *Crapo* v. *Stetson*, 8 Met. 394. There having been no valid sale here, neither of the respondents can issue the certificate asked for, nor can the court lend any aid in this case.

*Petition dismissed.*