ALEXANDER H. HOWARD *vs.* CITY OF AUGUSTA.

Kennebec. Opinion July 7, 1882.

*Tax on personal property mortgaged. Distress for taxes. Stat. 1878, c. 77.*

Statute 1878, chapter 77, authorizes a distress for taxes levied on mortgaged property, but only upon the specific property mortgaged and taxed, and only for the specific tax laid; and if a poll tax and a tax upon other property is joined with such specific tax in the distress it is a waiver of the lien.

In an action to recover back a payment made to prevent an illegal distress of property for taxes, it is not necessary to show that the distress was actually

made; it is sufficient if the circumstances lead to the conclusion that such distress is impending and will certainly be made if the payment is not made. H held a mortgage on a stock of goods and took from the mortgagor a release or bill of sale, and on the following day took the possession and delivered the same to B, to whom he had bargained it, and three days after paid to the collector of taxes a sum of money claimed as the taxes due from the mortgagor to prevent the distress of the stock of goods; *Held,* That whatever may have been the effect of the transaction with B upon the title, it left H at least, interested in the proceeds which he could not realize until the property was relieved of the impending distress. In either event, in regard to the distress, H had the interests and rights of an owner.

ON REPORT from the superior court.

Assumpsit to recover back eighty-one dollars and seventy-six cents, balance of a tax paid by the plaintiff to prevent the distress of certain personal property. The writ was dated May 27, 1881, and the plea was general issue.

The report shows that N. K. Howard was assessed in Augusta for the year 1879, one poll, on stock in trade valued at $2000, and piano $75; total valuation, $2075. And for the year 1880 same. The tax commitment book for 1879, gave "N. K. Howard, valuation of personal estate, $2075; tax, $44.09; poll tax, $3. Total, 47.09." The village school district tax, "valuation $2075; tax on personal, $5.71; poll tax, $1.75. Total, $7.46." For 1880, "N. K. Howard, 1880, state, county and city tax, $2075 valuation; $43.58, tax on personal property. $3 poll tax. Total, $46.58. Village district: $2075, valuation of personal property; $5.19 tax; $1.75, poll. Total, $6.94." Thirty dollars had been paid on account of these taxes and there remained due, $78.07. Adding interest to November 3, 1880, made the amount then due, $81.76, and this sum the plaintiff paid and took the following receipt:

"Received of A. H. Howard for N. K. Howard, the sum of eighty-one 76-100 dollars, tax on stock in trade at 142 Water street, balance city and village district tax 1879 and 1880. This tax is paid under protest by said A. H. Howard, who claims to own said stock, and that the same is not holden for said tax, and he pays this sum for the purpose of preventing a distress of said stock.

"Said collector agrees to request the city council to refer the question of the liability of said stock to a distress for said tax to competent parties. Guy Turner, Collector of Augusta, for the years 1879 and 1880."

Augusta, November 3, 1880."

N. K. Howard, mortgaged the same stock in trade and other property to the plaintiff November 17, 1879, to secure a note of $3126.75, payable in one year, and on October 27, 1880, he gave the following paper to the plaintiff.

"Know all men by these presents, that I, N. K. Howard of Augusta, county of Kennebec and state of Maine, do hereby sell and convey unto A. H. Howard of Hallowell, county and state aforesaid, all my right in title, to the stock of goods contained in store No. 142, Water street, in said Augusta, consisting of drugs and medicines and fixtures, of every description, being the same now occupied by me, subject to the mortgage held by Anna F. Howard, on one-half the fixtures in said store, which is in consideration of said Howard holding a mortgage on said store and one-half the fixtures in the same, the conditions of said mortgage not having been complied with, and I hereby give said Howard possession of said store and goods.

Augusta, October 27, 1880. N. K. Howard."

On the next day the plaintiff took possession of the property and turned it over to one or more members of the firm of Bowditch, Webster and Company, to whom he claimed he had bargained it.

The opinion states the other material facts.

*L. C. Cornish* (*Baker and Baker* with him,) for the plaintiff, cited: *Smith* v. *Readfield*, 27 Maine 145; *Abbott* v. *Bangor*, 56 Maine, 310; *Preston* v. *Boston*, 12 Pick. 7; *Look* v. *Industry*, 51 Maine, 375; *Lord* v. *Kennebunkport*, 61 Maine, 462; *Thurston* v. *Spratt*, 52 Maine, 202; *Coolidge* v. *Brigham*, 1 Met. 547; *Matheny* v. *Mason*, 25 Alb. L. J. 358; *Abbott* v. *Goodwin*, 20 Maine, 408; *Morrill* v. *Noyes*, 56 Maine, 458;

*Allen* v. *Goodnow*, 71 Maine, 420 ; *Lazarus* v. *Audrade*, 22 Alb. L. J. 293 ; *Parsons* v. *Allison*, 5 Watts, 72 ; *Moore* v. *Marsh et al.* 60 Pa. St. 46 ; Cooley on Taxation, 302 ; *Daniels* v. *Nelson*, 41 Vt. 161 ; *Bean* v. *Edge*, 84 N. Y. 510.

*Winfield S. Choate*, city solicitor, for the defendant.

The only interest the plaintiff had in the property November 3, 1880, was that of mortgagee under the mortgage of November 17, 1879, the only pretence of any other conveyance to him is the paper of October 27, 1880, which the counsel called a "release" and the report calls a "bill of sale." That paper was not put in the case and was printed by mistake and is not evidence. But if it were in the case, its only effect was to put the plaintiff in possession under his mortgage.

If the plaintiff took possession of the stock under his mortgage, or by release of N. K. Howard, he cannot recover because the statute gives a right to distrain so long as the title remains in either the mortgagor or mortgagee. If the title had passed to Bowditch, Webster and Company, then the plaintiff cannot recover because he did not pay under duress. *Rogers* v. *Greenbush*, 58 Maine, 390.

Plaintiff now says that the tax on piano and poll tax were included and were *non lien* claims. But the plaintiff did not object to paying those taxes. There was no protest to paying any other than the tax on the stock in trade.

It was tacitly agreed that the only question to be settled was the liability in the matter of the tax on "*stock in trade*," the other small items were not of enough importance to be considered. The court in the case of *Rogers* v. *Greenbush, supra*, said, "It must be -a distinct and definite protest against paying the particular tax on the ground of its illegality ;" there is not a word of protest except as to the tax on "stock in trade."

If the tax on personal property, other than "stock in trade" and the poll were improperly collected, then the same can be separated from the tax or "stock in trade" and the plaintiff recover that only. *Towey* v. *Millbury*, 21 Pick. 64. The payment of thirty dollars on the tax should be applied to the payment of the poll and piano tax.

DANFORTH, J. The object of this action is to recover a sum of money alleged to have been paid to the defendant to relieve the plaintiff's property from distraint for taxes assessed upon N. K. Howard, for the years 1879 and 1880. There is no conflict in the evidence and can be no dispute as to the material facts. Whether the plaintiff was the owner of the property or the title was in Bowditch, Webster and Company, is not important. When N. K. Howard gave to the plaintiff the release or bill of sale of October 27, 1880, and the plaintiff took possession under it as he did, the next day, he became the owner. If the transaction with Bowditch, Webster and Company, about the same time, amounted to a sale, it still left the plaintiff interested. in the proceeds which he could not realize so long as the threatened distraint was pending. So that his rights would be the same in either case and in either case the title and all interest of N. K. Howard had ceased as early as October 28, 1880. Hence the goods could not be distrained as his property. Nor could they be for his tax unless by virtue of a lien therefor.

If the city had any such lien it must be under the law of 1878, c. 77, the material part of which is as follows: "When personal property is mortgaged or pledged, it shall, for the purposes of taxation, be deemed the property of the party who has it in possession and may be distrained for the tax thereon." Whether this statute would authorize a distress of property thus taxed for the tax thereon, after a change in the title, it is not necessary at this time to decide. The property in question was not under mortgage when the tax of 1879 was assessed; other property contributed to the tax of 1880, and in both years a poll tax was added. The collector proposed to make the distress not only for the tax assessed thereon, but for these other sums which were included. If there might have been a lien for the particular part of the tax assessed thereon, there certainly was not for the amount proposed to be, and which in fact was enforced. It is too well established to need the citation of authorities to show, that when non lien claims are joined with those which otherwise might be enforced by virtue of a lien, it is destructive of the lien. It was not for the plaintiff to select such as might be secured by a lien

and make a tender for that amount, or for the court at this time to distinguish between the two and give judgment for such an amount as was not secured. The defendant made its election to levy for the whole and it must abide the consequences.

Another consideration of weight, is the fact that this tax was assessed in April and so far as the mortgage is material, upon a stock of goods in a store undergoing a constant change. The statute evidently contemplates a distress upon the identical and specific property mortgaged and taxed. It is not enough that the mortgage should be so made that it would include as between the parties, other property purchased to take the place of that sold. Even if it were so, that subsequently purchased would not be the same and there are no means of ascertaining from the evidence in this case how much, if any of the property that was taxed, remained on the third of November, when the distress was made.

But it is objected that the protest under which the money was paid was not sufficient to take it out of the class of voluntary payments, or that no protest was made against the payment of any part of the tax except such as was assessed upon the stock. It is true that the receipt recognizes the whole amount as assessed upon the stock. But this is not in accordance with the truth and no estoppel arises from the admission. The collector testifies that his purpose was to levy the whole tax and that but a part of it was assessed upon this property.

But in fact no protest was necessary. As we have seen the plaintiff was, or stood in the place of the owner. If we can believe the collector and there is no reason to doubt his testimony, he was prepared to and would have made the levy but for the payment. That the full amount paid, was necessary to protect the property from distress. It was then a compulsory payment. A person is not bound to wait until his property is actually taken by a legal process, one which he cannot properly resist, and cost made before he pays the claim upon it. It is sufficient if the circumstances are such as fairly lead to the conclusion that the waste and expense can be avoided only by payment. Here, the distress was begun, the illegal claim paid to prevent its consumma-

tion and the plaintiff is entitled to recover it back. As the case does not show when the money was paid into the city treasury, interest can be recovered only from the date of the writ.

*Judgment for the plaintiff for $81.76*
*and interest from the date of*
*the writ.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.