VINCENT SCAVONE *vs.* LEON M. DAVIS.

Kennebec.        Opinion, February 15, 1946.

*Harvey D. Eaton,* for the plaintiff.

*F. Harold Dubord,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, TOMPKINS, JJ.

MANSER, J. This case comes forward on report. The plaintiff, by writ of entry, seeks to recover a lot of land with building thereon, to which title is claimed by the defendant under a deed from the inhabitants of the Town of Rome. The deed was one of quitclaim and the basis of title rests upon proceedings taken by the town to enforce the Tax Lien Law, so-called, P. L. 1933, Chap. 244 as amended, now R. S., Chap. 81, §97 *et seq*. The tax which laid the foundation for the lien was assessed against the property in 1941. The aggregate amount of the tax on the real estate, the land and buildings having been properly valued separately, amounted to $55.20. There was also a tax on personal property — apparently a boat — of $1.20. A lien certificate was filed in the registry of deeds on May 29, 1942.

While the Tax Lien Law applicable to real estate has simplified enforcement procedures, yet the principle still obtains that there must be strict compliance with statutory requirements to divest property owners of their titles for non-payment of taxes. *Warren* v. *Norwood*, 138 Me., 180, 24 A., 2d, 229.

The plaintiff asserted several claims as to the invalidity of the assessment, and of insufficiencies in the tax lien certificate, which appear of little, if any, legal merit. It is, however, unnecessary to consider them with the meticulous care which otherwise might be required, because there is one outstanding element which destroys the validity of the tax lien certificate, and the basis of the defendant's title. R. S. 1930, Chap. 13, §3, now R. S. 1944, Chap. 81, §3, provides:

"There shall be a lien to secure the taxes legally assessed on real estate as described in this section, which shall take precedence of all other claims on said real estate and interests...."

Under our law there is no lien on real estate for the enforcement of payment of personal property taxes. A man's real estate cannot be forfeited by lien process to enforce collection of a tax on personal property. Yet it indubitably appears that the tax collector combined the real estate tax of $55.20 and the personal prop-

erty tax of $1.20, a total of $56.40, as the tax "duly and legally assessed to real estate in said town of Rome." The provision in the printed form of certificate relating to interest was left unfilled, and there is no claim that interest was in fact chargeable. As appears by the record, the town at its annual meeting had not taken advantage of the permissive provisions of R. S. 1930, Chap. 14, §1, now R. S. 1944, Chap. 81, §68, to require the payment of interest after a fixed due date.

"Tax liens are not to be extended by implication or enlarged by judicial construction. A tax is a lien on property only so far as expressly made a lien by the statute. It exists and attaches only according to such terms and conditions as are prescribed by the statute creating it." 51 Am. Jur. Taxation, §1010; *Linn County* v. *Steele*, 223 Iowa, 864, 273 N. W., 920; *Krug* v. *Hopkins*, 132 Neb., 768, 273 N. W., 221.

Under the terminology used in the statutes, P. L. 1933, Chap. 244, and amendments thereof, and as now appears in R. S. 1944, Chap. 81, §98, it is provided that the filing of a tax lien certificate shall be deemed to create a mortgage upon the real estate to the town in which the real estate is situated; and, if said mortgage shall not be paid within eighteen months after the date of filing, the mortgage shall be deemed to have been foreclosed and the right of redemption to have expired. A false certificate, which includes a non-lien item, vitiates the instrument, no mortgage is thereby created and there is nothing to ripen into a foreclosure. The defendant obtained no title under the quitclaim deed which he received from the Town of Rome. The plaintiff is entitled to judgment for possession of the premises described in his writ and for his costs.

*Case returned to Superior Court*
*for appropriate docket entries.*