RUSSELL J. FLACK, *Collector v.* BYSE AGENCY, INC.

*F. A. Normandin,* City Solicitor (by brief and orally), for the plaintiff.

*Nighswander & Lord* and *Hugh H. Bownes (Mr. Bownes* orally), for the defendant.

DUNCAN, J. The plaintiff asserts a right to relief because the defendant by its attachment has prevented him from enforcing a lien to secure payment of the taxes previously assessed against the owner of the attached goods. In our opinion no lien upon the goods arose, and the transferred question, as applied to the facts of this case, is answered in the affirmative. By statutory provision the plaintiff was authorized to distrain the goods and chattels of the defendant, upon its

neglect to pay the taxes assessed against it at any time after fourteen days' notice of the tax and before one year from October first following the assessment. R. L., c. 80, ss. 4-6. Section 17 of c. 80, R. L., provides that the real estate of every corporation shall be holden for "all taxes" assessed against the corporation, and for all taxes upon the real estate; and that "all such liens" shall continue until a year from October first following the assessment. The statutes contain no comparable provision creating a lien upon personal property, or providing that it shall "be holden" for taxes. The law is well settled that taxes are not a lien unless made so by statute. *Fuller* v. *Day*, 103 Mass. 481; *Thompson* v. *Henderson*, 155 Md. 665; *Broeck* v. *Jersey City*, 44 N. J. L. 156; *Richmond* v. *Bird*, 249 U. S. 174; 6 McQuillin, Municipal Corporations (2d *ed.*) s. 2563. See *R. C. Stanhope, Inc.* v. *North Bergen*, 129 N. J. L. 513. It is likewise settled, as pointed out in *Loan Corporation* v. *Baltimore*, 175 Md. 676, 682, that "a statute to create a tax lien must expressly provide for the lien, or the implication must be so plain as to be equivalent to positive language." Cooley, Taxation (4th *ed.*) s. 1230.

The procedure established for collection of taxes by distraint requires no implication of a lien. Distress for taxes "legally applies and is limited to personal chattels only" (*Marshall* v. *Wadsworth*, 64 N. H. 386, 387), and "is in its nature an execution." *Souhegan &c. Factory* v. *McConihe*, 7 N. H. 309, 323. Distress may be made upon any goods and chattels of the taxpayer regardless of whether taxable or not excepting only such as are expressly exempt from distraint by R. L., c. 80, s. 7. See *Jewell* v. *Swain*, 57 N. H. 506. Since the goods upon which distress may be made are not required to be the goods upon which the taxes are assessed, no implication of a lien is to be drawn from the mere authority to distrain. *Palmer* v. *Pettingill*, 6 Idaho 346.

By Laws 1939, c. 40, s. 1, the provisions of P. L., c. 66, s. 6, authorizing distraint were amended to provide: "Such distraint shall be valid only if begun within one year from October first following the assessment." R. L. c. 80, s. 6. The plaintiff contends that the amendment is indicative of the existence of a lien. It is true that the limitation imposed by the amendment is the same as the limitation upon liens on real estate established by R. L., c. 80, s. 17. The amendment is equally consistent, however, with an intention merely to limit the time within which distress may be made. The amended section contains no reference to any lien, and the limitation upon distraint does not so plainly imply the existence of a lien as to be equivalent to

"positive language" creating one. *Loan Corporation* v. *Baltimore, supra*. "If it had been the intention of the legislature to create a lien upon personal property for taxes levied thereon, and thus embarrass its sale and delivery . . . the language employed would leave no doubt of the intent." *Jaffray & Co.* v. *Anderson*, 66 Iowa 718, 720. "The existence of a tax lien must not be left to doubtful construction." *Archibald* v. *Maurath*, 92 N. J. Eq. 357, 361. Since the provisions of our statutes contain no express provision for a lien upon personal property, and none is required by necessary implication, we conclude that the Legislature intended none.

*Case discharged.*

All concurred.