Rockingham,
No. 4478.

M. Jerome Armille *v.* Arthur R. Lovett *& a.*

Argued April 4, 1956.

Decided April 27, 1956.

*Samuel A. Margolis* (by brief and orally), for the plaintiff.

*Waldron, Boynton & Waldron* and *Richard E. Dill* (*Mr. Dill* orally), for the defendant Lovett.

*Allen A. Backer* (by brief and orally), for the defendant American Fidelity Company.

The remaining defendants furnished no briefs.

KENISON, C. J. The first question presented by this case, which has not heretofore been decided, is whether notice must be given to subsequent attaching creditors in a power of sale foreclosure proceeding. The defendants contend that this is required under RSA 479:25 II: " NOTICE TO MORTGAGOR. A copy of said notice shall be served on the mortgagor *or his representative in interest,* or sent by registered mail addressed to him or such representative at his last known address, or to such person and address as may be agreed

upon in said mortgage, at least twenty-one days before said sale." (Emphasis supplied). More specifically the defendants contend that an attaching creditor is a representative in interest of the mortgagor within the meaning of this statute. Reference is also made to the chapter on Statutory Construction wherein it is provided that the "word 'mortgagor' . . . may include any person claiming under such party or having his right." RSA 21:17.

The word "representative" whether used in the singular or plural has no fixed meaning in the law. *Merchants &c. Co.* v. *Egan*, 91 N. H. 368, 371. Its meaning necessarily varies according to the context in which it is used. *Conant* v. *Curtiss*, 93 N. H. 398; *Grinnell* v. *O'Brien*, 93 N. H. 403. The phrase "representative in interest" is more restricted in its meaning than the word "representative" and when used in conjunction with the definition of mortgagor appearing in RSA 21:17, the phrase refers to those holding subordinately and not adversely to the mortgagor. The phrase connotes an interest consistent with that of the mortgagor and not one in opposition to it. *Clore* v. *Graham*, 64 Mo. 249, 253. 3A Words & Phrases 185. An attaching creditor is not a representative in interest as that phrase is used in RSA 479:25 II nor was it intended that he be notified as a "mortgagor" within the definition of RSA 21:17. Furthermore there is an additional reason why the statute does not apply to attaching creditors. The requirement that a notice may be served on the representative in interest of the mortgagor is an alternative and not a conjunctive requirement. It was intended to apply to those cases where the mortgagor's interest may be represented by grantees, heirs, executors, administrators or others who do not occupy an adversary position to the mortgagor.

Unless the power of sale mortgage or the statute requires notice to junior lienors a power of sale foreclosure is valid with notice only to the mortgagor. This rule has been established for a long time and applies to the instant case. *Scott* v. *Paisley*, 271 U. S. 632; *Watkins* v. *Booth*, 55 Colo. 91. The rule is set forth in 4 American Law of Property, s. 16.207, *p.* 507 (1952) as follows: "When notice is of the personal variety, unless it is required by the terms of the power itself or by statute, it does not have to be given to anyone other than the mortgagor." We conclude that the defendants as attaching creditors (*Felker* v. *Hazelton*, 68 N. H. 304, 305) were not required to be given the same notice as the mortgagor and that the failure to do so did not affect the validity of the foreclosure sale.

It may be true that the careful conveyancer, for the protection of the mortgagee, generally will notify junior lienors and this course of procedure has been recommended by an acknowledged authority even though not required by statute. See 1 Glen, Mortgages, *s.* 110.1, *p.* 671 (1943): "But the better method, I suggest, is a general requirement that the junior encumbrancer shall receive the same sort of notice that the mortgagor gets, whatever that may be." See also, Forum on Title Examinations in 9 Proc. N. H. Bar Assn. (new series no. 2) 51-52 (1952). While it is not a statutory prerequisite to the validity of the title conveyed on foreclosure, this recommended procedure may be additional evidence that the mortgagee has performed his duty to the mortgagor to exercise good faith and due diligence in conducting the mortgage foreclosure. *Pearson* v. *Gooch,* 69 N. H. 208; *Wheeler* v. *Slocinski,* 82 N. H. 211.

The second question is whether the notice given on March 2, 1955, of the postponed sale of March 5, 1955, was sufficient to make the foreclosure valid. It is not disputed in this state that the postponement of a foreclosure sale is lawful and in some cases may be required by the circumstances. *Wheeler* v. *Slocinski, supra*; *Roberge* v. *Cyr,* 84 N. H. 204, 206. When the sale is postponed to a definite hour and day, no new notice or advertisement is required and it is sufficient if the date and time of the postponed sale are either announced at the latest proposed sale of which due notice has been given or stated in a notice of adjournment posted on the premises to be foreclosed. *Roberge* v. *Cyr, supra; Taylor* v. *Weingartner,* 223 Mass. 243; Forum on Title Examinations, *supra.*

In the present case, however, the sale was finally adjourned to an unknown or unspecified date and the public as well as the prospective bidders had no means of knowing when the foreclosure sale would finally take place. As to them the foreclosure proceedings were to all intents and purposes abandoned. In that situation a new foreclosure proceeding must be commenced and notice to the mortgagor and notice by publication for not less than twenty-one days before the day of the sale must be given as required by RSA 479:25.

A decree should be entered setting aside the foreclosure sale and deed.

*Remanded.*

All concurred.