**UNITED STATES of America**

v.

**TOWN OF PITTSFIELD**

and

James Hannigan, Town Manager, Town Clerk, and Tax Collector, Town of Pittsfield, County of Somerset, State of Maine.

**Civ. No. 1769.**

United States District Court
D. Maine, N. D.
July 25, 1969.

Lloyd P. LaFountain, U. S. Atty., Edward G. Hudon, Asst. U. S. Atty., Portland, Me., for plaintiff.

Richard B. Sanborn, Augusta, Me., for defendants.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is an action brought by the United States under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202 (1964). Plaintiff seeks a declaratory judgment of its entitlement, as against the claim of defendants, to proceeds from a foreclosure sale, presently being held in escrow pending the outcome of this action. Plaintiff also seeks ancillary injunctive relief.

The essential facts are not in dispute and may be briefly summarized. On December 30, 1963, J. R. Cianchette & Sons, Inc. a Maine corporation located at Pittsfield, Maine, executed in favor of the Small Business Administration, an agency of the United States Government, a chattel mortgage on certain items of personal property, comprising construction machinery, equipment, fixtures and furniture situated at Pittsfield, to secure a loan of $350,000. The mortgage was duly recorded on the same date. On July 18, 1968, the mortgagor having defaulted owing a balance of $286,917.26, a foreclosure auction sale of the mortgaged property was held on behalf of the mortgagee, from which the sum of $127,-260.50 was realized. Before the commencement of the sale, the defendant Town Manager and Tax Collector of the Town of Pittsfield notified the Small Business Administration that the mortgagor was delinquent in its payment to the Town of personal property taxes in the amount of $1,279.80 for the year 1967 and $2,450.00 for the year 1968 and that the town claimed a paramount lien on the subject property by virtue of 36 M.R.S.A. § 604 (1964), which provides:

§ 604. Mortgaged personal property; taxes

When personal property is mortgaged, pledged or conveyed with the seller retaining title for security purposes, it shall, for the purposes of taxation, be deemed the property of the person who has it in possession, and it may be distrained for the tax thereon. The Small Business Administration disputed the Town's claim. To avoid confusion and delay, the parties agreed that the sale proceed and that a sum sufficient to cover the taxes be placed in escrow pending a judicial determination of which party has a prior right thereto.

The parties are agreed on the general applicability, in priority contests of this

nature, of 15 U.S.C. § 646 (1964), which provides:

### § 646. Liens

Any interest held by the [Small Business] Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States.

In light of this statute, in order for defendants to prevail, it must appear, first, that Maine law provides a lien on personal property for unpaid taxes and, second, that under Maine law such a lien is superior to a previously recorded mortgage lien. The Court concludes that no such lien exists. It is, therefore, unnecessary to decide its priority, *vel non.*

While Maine statutory law creates a lien on real estate to secure the payment of taxes,[1] the Maine statutes contain no comparable provision creating a tax lien in behalf of the Town on personal property except in one limited case which is not applicable here.[2] As plaintiff asserts, this omission, in the face of the other statutory provisions, strongly suggests that the Maine Legislature did not desire to create a tax lien on personal property in general.

Furthermore, the law is well settled in Maine, as elsewhere, that taxes are not a lien unless expressly made so by statute and that tax liens are not to be created or enlarged by implication or by judicial construction. Scavone v. Davis, 142 Me. 45, 45 A.2d 787 (1946); Cassidy v. Aroostook Hotels, Inc., 134 Me. 341, 186 A. 665 (1936); City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543 (1919) (Virginia Law); 6 McQuillin, Municipal Corporations § 44.139 (rev. 3d ed. 1963); 3 Cooley, The Law of Taxation § 1230 (4th ed. 1924). As Professor Cooley has stated:

The general rule is that taxes are not a lien unless expressly made so by statute or ordinance; and a statute to create a tax lien must expressly provide for the lien, or the implication must be so plain as to be equivalent to positive language. When liens are expressly created they are not to be enlarged by construction. If, therefore, the statute in terms makes the tax a lien on one species of property, it will not by intendment be extended to any other species. Cooley, *supra* § 1230 at pp. 2451–53 (footnotes omitted).

Nor is the existence of a lien on personal property to be implied, as defendants argue, from 36 M.R.S.A. § 604. Clearly, the purpose of Section 604 is to make taxable to the mortgagor mortgaged property of which he has possession, despite the fact that under Maine law title to mortgaged property is considered to be in the mortgagee. Eastern Trust and Banking Co. v. Bean & Conquest, Inc., 148 Me. 85, 90 A.2d 449 (1952); Mac Motor Sales, Inc. v. Pate, 148 Me. 72, 90 A.2d 460 (1952); Beal v. Universal C.I.T. Credit Corp., 146 Me. 437, 82 A.2d 412 (1951). The statute authorizes the collection of taxes on mort-

---

1. 36 M.R.S.A. § 552.—Tax Lien

There shall be a lien to secure the payment of all taxes legally assessed on real estate as defined in section 551, provided in the inventory and valuation upon which the assessment is made there shall be a description of the real estate taxed sufficiently accurate to identify it. Such lien shall take precedence over all other claims on said real estate and shall continue in force until the taxes are paid or until said lien is otherwise terminated by law.

2. 36 M.R.S.A. § 603. Exceptions

\* \* \* \* \*

3. Nonresidents. Personal property which is within the State and owned by persons residing out of the State shall be taxed either to the owner, or to the person having the same in possession \* \* \*.

A. A lien is created on said property for the payment of the tax, which may be enforced by the tax collector to whom the tax is committed, by a sale of the property as provided.

gaged personal property by distraint. But it does not create a lien thereon, and the procedure provided by Maine law for the collection of taxes by distraint, *see* 36 M.R.S.A. § 991 et seq. (1964), does not require implication of a lien.[3]

So far as the combined research of the Court and counsel discloses, distress statutes of this nature have never been held to imply the creation of a lien. A case closely similar to this one is Flack v. Byse Agency, Inc., 96 N.H. 335, 76 A. 2d 788 (1950). In that case plaintiff tax collector asserted the existence of a lien upon defendant's personal property. Construing the New Hampshire tax statutes, which, as here, authorized the distraint of personal property and which provided a lien on real property with no similar provision for personal property, the Supreme Court of that state held:

> The amended [distraint] section contains no reference to any lien, and the limitation upon distraint does not so plainly imply the existence of a lien as to be equivalent to "positive language" creating one. * * * "If it had been the intention of the legislature to create a lien upon personal property for taxes levied thereon, and thus embarrass its sale and delivery * * the language employed would leave no doubt of the intent." * * * "The existence of a tax lien must not be left to doubtful construction." * * * Since the provisions of our statutes contain no express provision for a lien upon personal property, and none is required by necessary implication, we conclude that the Legislature intended none. Id. at 789–790 (citations omitted).

Similarly, Jaffray v. Anderson, 66 Iowa 718, 24 N.W. 527 (1885), involved the construction of the Iowa tax statutes, which provided a lien on real property, but were silent as to personal property. The Iowa Supreme Court held that a provision authorizing distraint of personal property for unpaid taxes did not imply the creation of a lien, saying:

> It will be observed that no specific lien is created by the law above cited, excepting upon real property. * * * Appellant claims that a lien upon personal property is created by section 865. The latter part of that section is a direction to the treasurer to collect the delinquent taxes by a sale of any property upon which the taxes are levied, or any other personal or real property belonging to the person against whom the taxes are assessed. This language does not create a lien upon personal property. It is a mere requirement that the treasurer shall distrain the property upon which the tax was levied if owned by the taxpayer, or he shall distrain any other property owned by him. Id. at 528.

*See also*, City of Richmond v. Bird, *supra; cf.* Maish v. Bird, 22 F. 180 (C.C.S.D.Ia. 1884).

█ The Court holds that under the law of Maine, with one exception not here applicable, taxes are not a lien upon personal property before distraint is made. Since the defendant Tax Collector failed to exercise his right of distraint prior to plaintiff's foreclosure sale, judgment must be entered for plaintiff, declaring that, as against the claim of defendants, plaintiff is entitled to the amount placed in escrow pursuant to the agreement of the parties, and enjoining defendants from further asserting any right to the said amount or from taking any action to deprive plaintiff thereof.

It is so ordered.

---

3. Howard v. City of Augusta, 74 Me. 79 (1882), cited by defendants, is not authority to the contrary. In that case the Maine court held only that the commingling by the tax collector of tax claims which were collectible by distraint with tax claims for which distraint was not authorized destroyed any lien which might otherwise have existed by virtue of the predecessor to Section 604 (Maine Laws 1878, c. 77). The court expressly disclaimed any ruling as to whether the effect of the statute was to create a lien on personal property within its terms. Id. at 83.